■ NELSON FIGUEROA, Respondent, v FRED SCHARFBERG et al., Appellants. A. H. VILLEPIQUE, INC., Third-Party Plaintiff-Appellant; LISMAR REALTY CORP. et al., Third-Party Defendants. — Order of Supreme Court, Bronx County, entered August 25, 1980, denying a motion by defendants and third-party plaintiff to strike plaintiff's note of issue and statement of readiness and remove this action from the Trial Calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs, the motion granted, the note of issue and statement of readiness vacated, and the case stricken from the Trial Calendar. Plaintiff had just concluded another action, involving the same subject matter, against other parties, the third-party defendants here. Thus plaintiff was much better prepared to proceed to trial than the appealing defendants. However, this case could in no way have been considered ready for trial, as plaintiff must have known. At the very time that the note of issue and statement of readiness were filed, June 11, 1980, only six months after the action was instituted, several preliminary matters were pending, to wit: (a) a motion by three of the defendants to preclude based upon insufficiency of plaintiff's bill of particulars; (b) a hearing on a reference of a motion by two of the defendants for dismissal on jurisdictional grounds; and (c) plaintiff's own scheduling, by notice dated May 28, of his physical examination by defendants on June 30. Contrary to the rules, the statement of readiness did not disclose the status or existence of those procedures. Special Term was not precluded by "law of the case" from considering the merits of this motion by reason of the fact that another Justice, sitting at pretrial conference, without benefit of motion papers before him, had denied defendants' oral application to strike the cause from the calendar. Indeed, the absence of any "order" in the record (CPLR 2219, subd [a]; *Le Glaire v New York Life Ins. Co.,* 5 AD2d 171) invited Special Term's consideration of the merits. Concur — Fein, J. P., Lupiano, Silverman, Bloom and Carro, JJ.