OPINION OF THE COURT
Harold Tompkins, J.
The institution of an action in which the petitioner knows that the proceeding is without legitimate basis in law or fact and is being instituted primarily to harass another party warrants the severest sanctions permissible (22 NYCRR 130.1). For the reasons set forth below, this court finds that the petitioner’s actions in this proceeding fall squarely within the frivolous conduct that the rule seeks to deter.
*45 PROCEDURAL HISTORY
The petitioner has brought this proceeding against Housing Judge Bruce Gould. The petition attacks the final judgment and order after trial of Judge Gould, dated January 17, 1989. Judge Gould awarded the landlord Paci possession of the premises for nonpayment of rent and also awarded the landlord a money judgment of $5,700 for back rent. The petition alleges that Judge Gould failed to follow the procedural requirements of the Uniform Rules for the Civil Court (22 NYCRR 208.43) by failing to set forth conclusions of fact. The petition does not include the transcript of the determination at trial. Instead it annexes a copy of Judge Gould’s order denying the petitioner’s motion after trial to set aside the verdict (307 E. 76th St. v Yoshida, NYLJ, Feb. 1, 1989, at 23, col 4 [Civ Ct, NY County]) and a copy of the final judgment in favor of the landlord.
The petition also seeks a declaration concerning the practice of requisitioning eviction warrants in the Civil Court and the manner of service of the 72-hour eviction notice.
The application to compel Judge Gould to set forth findings in a particular form is an improper collateral attack on the Civil Court judgment. The appropriate remedy to review any claimed error in the Civil Court is through the appellate process (Matter of State of New York v King, 36 NY2d 59 [1975]; Matter of Banks v Blyn, 72 AD2d 512 [1st Dept 1979]). In this case, the petitioner may appeal to the Appellate Term of the Supreme Court, First Department (CCA 1701). All of the legal and factual arguments that petitioner seeks to raise are capable of being raised in the appeal of Judge Gould’s judgment. The petitioner is well aware that the proper remedy is the normal process. Indeed he has filed his notice of appeal on February 22, 1989, prior to bringing this proceeding. Secondly, as discussed more fully below, Justice Jerome Hornblass by order dated January 22, 1988 dismissed a prior action for mandamus brought by Mr. Winters to compel Judge Gould to issue a judgment in favor of Mr. Winters’ landlord at that time in a particular form. Justice Hornblass dismissed the petition and held that "Mr. Winters must obtain the relief that he seeks through appeal to the Appellate Term.”
At this point, the court will review Mr. Winters’ past activities which support the court’s finding that his actions in this proceeding are frivolous. Justice Greenfield by order dated October 4, 1984 in the case of Goldstick v Winters (Sup *46 Ct, NY County, index No. 19239/84) restrained Mr. Winters from commencing any further action or making any further motions on pro se basis until resolution of his eviction for nonpayment of rent from 420 Riverside Drive. Justice Greenfield noted a pattern of frivolous motions, disregard of both stipulations and court orders. Justice Greenfield stated that Mr. Winters had been involved in five lawsuits and 20 motions in his effort to avoid paying rent to his landlord. At that time, there was no provision which permitted the imposition of sanctions for meritless proceedings or frivolous motions. The restraining order was dissolved when Mr. Winters finally left the premises.
Mr. Winters next moved to 311 East 75th Street. Mr. Winters never made any rental payments after securing possession of the premises. His new landlord commenced an action to recover possession based upon Mr. Winters’ failure to pay rent. Judge Gould held a trial of the nonpayment action (Theodan Assocs. v Winters, Civ Ct, NY County, L & T, index No. 100740/87). During the trial, Mr. Winters left the courtroom despite being warned by Judge Gould that a default judgment would be issued against him. Judge Gould issued a judgment on the record in favor of Theodan, the landlord, and subsequently embodied it in a written judgment. Mr. Winters brought a motion to set aside his default which was denied and two motions to renew were also denied. At this point, Mr. Winters commenced the action in Supreme Court before Justice Hornblass that sought to collaterally attack Judge Gould’s judgment. The petition was dismissed by Justice Hornblass as an improper attack on the correctness of the Civil Court’s judgment. Justice Hornblass held that this collateral attack on Judge Gould’s judgment was without merit, and that the proper method to review Judge Gould’s order was the normal appellate process. Mr. Winters was therefore on notice of the proper procedure to review a final judgment in the Civil Court.
Mr. Winters then filed for bankruptcy in the United States Bankruptcy Court, Southern District of New York, to obtain the protection of the automatic stay. This further delayed any payment of rent due the landlord. Theodan’s motion to lift the stay was granted. After his application for a stay pending appeal was denied, Mr. Winters then commenced an action in the United States District Court for the Southern District of New York challenging the manner in which warrants of *47 eviction are issued. United States District Court Judge John Walker dismissed the action. Mr. Winters does not deny that Judge Walker also enjoined him from commencing any further actions in Federal court without prior approval. Shortly thereafter, Mr. Winters moved to his present residence, 307 East 76th Street. When he once again failed to pay rent as due, his current landlord instituted the nonpayment action against him that resulted in Judge Gould’s judgment of possession dated January 17, 1989. This is the third time that Mr. Winters has obtained possession of an apartment, only to completely ignore his obligation to pay rent for the occupancy of the premises.
SANCTIONS
In a hearing on the record on March 7, 1989 at which Mr. Winters and counsel for the landlord were present,[1] counsel for the landlord outlined the above pattern of behavior and requested sanctions. This request is also made in his papers and Mr. Winters is thus on notice of the request for sanctions.
In considering the imposition of sanctions the court must weigh the potential effect on inhibiting good-faith arguments to modify existing law. This traditional method of common-law jurisprudence is the means whereby courts can reexamine existing precedent in the light of changing circumstances. Mr. Winters’ conduct does not fit into this framework. Rather, he is a chronic abuser of the judicial system. He is an individual who utilizes his skill in drafting papers to repeatedly ignore legitimate orders and to harass other parties. Mr. Winters moves from Judge to Judge and forum to forum in a pattern that enables him to avoid, or substantially delay his obligation to pay rent. His activities impose substantial burdens on the court system and significant costs to his landlords, both in terms of legal fees and unpaid rent.
The institution of an action in mandamus as a collateral attack on Judge Gould’s judgment after a prior collateral attack on a prior judgment of Judge Gould was dismissed evinces a knowing disregard for the court. This action is patently frivolous. Mr. Winters’ activity is a paradigm example of the need for sanctions. It warrants the maximum permissible sanction and the court imposes a sanction of *48 $10,000 pursuant to 22 NYCRR 130.2.[2] This sanction for Mr. Winters’ behavior is based upon his conduct in filing this frivolous mandamus action on February 24, 1989 with knowledge that his claim lacked any merit.[3] Since Mr. Winters is a party, the payment of sanctions shall be deposited with the clerk of the court for transmittal to the State Commissioner of Taxation and Finance pursuant to 22 NYCRR 130.3.
Mr. Winters’ conduct in commencing this action when he knew there was no legitimate basis warrants the severest sanction this court can impose under the rules of the Chief Administrative Judge. This court believes that the $10,000 limit does not provide adequate authority to prevent egregious conduct. Under the Federal Rules of Civil Procedure (rule 11) a Federal court can impose sanctions without any specified monetary limit.[4] A monetary limit of $10,000 could become a mere cost of litigation and this could lessen the necessary deterrent effect. The court should be able to make the sanction sufficient to deter the offense.
Finally, the pattern of frivolous and repetitious proceedings by Mr. Winters can no longer continue. Mr. Winters is enjoined from commencing any further action or making any further motions unless he is represented by an attorney-at-law admitted to practice in the State of New York without prior approval of the Administrative Judge of the court[5] in which he seeks to bring a further motion or future action with the sole exception of appealing the order based upon this decision (Muka v New York State Bar Assn., 120 Misc 2d 897 [Sup Ct, Tompkins County 1983]; Muka v Hancock, Estabrook, Ryan, Shove & Hust, 120 Misc 2d 146 [Sup Ct, Onondaga County 1983]).
The petition is dismissed, with costs and disbursements.
Settle order dismissing the petition together with a provi *49 sion assessing sanctions against Mr. Winters in the sum of $10,000 and including the provision enjoining any future proceedings or further motions in current proceedings on a pro se basis.[6]

. Pursuant to CPLR 7804 (i), the Attorney-General chose not to appear. The Attorney-General submitted no papers on this proceeding except for the notice of nonappearance for Judge Gould and the clerk of the court.

. The assessment of compensatory attorneys’ fees is permitted under the rules imposing sanctions (22 NYCRR 130.1 [a]). Since attorneys’ fees in defending this action were not sought by respondent Paci, the court declines to assess them.

. The rules of the Chief Administrative Judge imposing sanctions are effective for activity on or after January 2, 1989.

. See, e.g., Cheek v Doe, 828 F2d 395 (7th Cir 1987); Farguson v Houston, 808 F2d 358 (5th Cir 1986) (both of which imposed sanctions on pro se litigants for bringing frivolous proceedings). Sanctions were assessed both to punish abuse and to deter future conduct.

. The Administrative Judge may delegate the function of prior approval to his or her designee.

. Any attempt by Mr. Winters to circumvent the restraint by using a roommate as a straw to file papers would be improper. This court would consider this a deliberate violation of this order.