OPINION OF THE COURT
Joseph Rosenzweig, J.
A hearing was held on May 23, 1989 to determine whether *772 petitioner herein, L. John Van Norden, and his attorney herein, William Henry Harrison, Jr., engaged in frivolous conduct in civil litigation and whether an award of costs and imposition of financial sanctions should be imposed upon petitioner and/or his attorney.
L. John Van Norden, who is an attorney, was a respondent in a paternity proceeding pending in the Family Court. On the basis of HLA blood-group testing he could not be excluded as the biological father of a certain child and a probability of paternity of 96.55% was established. He then sought DNA testing on the ground of increased accuracy and what he claimed to be certainty in establishing paternity. Ultimately the Family Court ordered DNA testing and petitioner herein, L. John Van Norden, brought on this proceeding by order to show cause seeking to stay implementation of the Family Court order dated February 17, 1989 (Schindler, J.), and to prohibit any Family Court Judge from compelling petitioner herein to submit to DNA testing, reciting and relying on an outdated version of Family Court Act § 532, although he, L. John Van Norden, had correctly recited the updated version of Family Court Act § 532 (as amended by L 1984, ch 792) when he sought the order from the Family Court.
L. John Van Norden testified that he prepared the papers in support of this application while emotionally upset and angry and did not realize that he was using an outdated section of the Family Court Act. While this proceeding was pending he went to the medical facility for DNA testing on two occasions, in order to fulfill the requirements of the Family Court order, but refused to consent to drawing blood warning the facility of a lawsuit if his position was vindicated by this court, and thus the testing could not proceed.
Petitioner’s attorney in this proceeding, William Henry Harrison, Jr., testified that he was retained for the paternity proceeding for January 31, 1989. He received the file from L. John Van Norden and there was a copy of the old law in the file. He did not review the law or the pocket part to be certain that he was relying on the current law. Further he doesn’t remember seeing this motion for a writ of prohibition of the Judges of the Family Court notwithstanding the fact that the bluebacks contain the name and address of his firm and he was served opposing papers from the respondent mother and the Attorney-General on behalf of the Family Court Judge in question.
*773 This court finds that bringing this proceeding was frivolous and in bad faith. The court does not credit as legitimate either the excuse of anger by L. John Van Norden or the excuse of failure to read either his own papers submitted by, or those in opposition served on, William Henry Harrison, Jr. Had he done so, he would have been compelled to change his application, and he didn’t. An attorney has no right to allow his client to actually create and file papers in the attorney’s name.
Accordingly both attorneys are sanctioned for frivolous litigation and penalized for the costs of this litigation to the respondents herein and are directed to pay the sum of $5,000 each to the Clients’ Security Fund pursuant to 22 NYCRR 130 et seq.