OPINION OF THE COURT
David Goldstein, J.
The issue presented is the nature of the "hearing” required by 22 NYCRR 130-1.1 (d), before imposition of sanctions or an award of costs.
The underlying dispute arose out of a landlord-tenant holdover proceeding (index No. L&T 61435/88), brought by defendant to recover possession of plaintiff’s garage space. After trial, judgment was entered April 22, 1988, awarding possession to the landlord. One month later, plaintiff pro se commenced an action in the Civil Court (index No. 20050/89), inter alia, for declaratory judgment relief and to reopen the summary proceeding. That action was dismissed on motion, on July 21, 1989, upon the ground that plaintiff was improperly circumventing the appellate process by instituting a separate plenary action to relitigate the very issues decided in the prior summary proceeding. Subsequently, the within action (index No. 40460/89) was commenced in October 1989, to recover for "patronizing defamation” and "personal injury” to plaintiff by defendant’s attorneys. To some extent, the complaint is also in the nature of réargument, challenging the propriety of the prior decision which dismissed the first action.
Before service of a responsive pleading, defendant moved to dismiss, pursuant to CPLR 3211 (a) (7), and to impose sanctions for frivolous conduct in bringing the suit. The application, returnable November 20, 1989, was submitted and referred but was not decided until one month later, by order *798 entered December 19, 1989. The Judge who rendered the decision is no longer a member of this court. The court dismissed the complaint, imposed sanctions and directed a hearing as to the amount, to be held on January 17, 1990. The direction of a hearing was based upon the provision in 22 NYCRR 130-1.1 (d), that the party be given "a reasonable opportunity to be heard” before imposing sanctions, notwithstanding that plaintiff already had that opportunity, a formal motion having been made for sanctions and both parties having appeared on the return date.
At issue is the nature and scope of the "opportunity to be heard” or "hearing” required by 22 NYCRR 130-1.1 (d), which provides as follows: "An award of costs or the imposition of sanctions may be made either upon motion in compliance with CPLR 2214 or 2215 or upon the court’s own initiative, after a reasonable opportunity to be heard. The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case.” (Emphasis added.)
No reported decisions interpreting the rule in terms of the nature of the "hearing” have been cited or found and, to that extent, the question is unique. It is apparent from the prior decision that the court assumed that a formal, testimonial hearing, was required. To the contrary, all that the rule directs is that the party against whom the sanction is to be imposed be afforded "a reasonable opportunity to be heard.” Plainly, where, as here, a motion has been made to impose sanctions or to award costs, the "reasonable opportunity to be heard” is the return date of the motion and is satisfied by the submission of opposing papers and/or oral argument. Should the court conclude that the circumstances of the case warrant further proceedings, it is not without requisite discretion to do so.
In contrast, the situation is somewhat different where the court, on its own, determines that certain conduct is so frivolous as to warrant that sanctions be imposed. The court has the power, sua sponte, to impose sanctions in a proper case (see, Guarnier v American Dredging Co., NYLJ, Jan. 22, 1990, at 28, col 4, affd 151 AD2d 1056; Daguaro v Bratke, 145 Misc 2d 904; Gotham Air Conditioning Serv. v Heitner, 144 Misc 2d 430).
Where the court, on its own initiative, seeks to impose sanctions or award costs for frivolous conduct, 22 NYCRR 130-1.1 (d) contemplates some sort of notification to the party so as *799 to afford the "reasonable opportunity to be heard” which the rule requires. Thus, in Van Norden v Schindler (NYLJ, May 2, 1989, at 29, col 1), Justice Rosenzweig ordered a hearing to determine whether there should be sanctions for instituting a frivolous proceeding to prohibit the Family Court from directing submission to DNA genetic marker blood tests, where the statute expressly authorized such tests. Petitioner in that case relied upon an outdated version of the statute, which had been amended five years prior to commencement of the proceeding. After a hearing, the court imposed monetary sanctions upon counsel (144 Misc 2d 771). In Matter of Winters v Gould (143 Misc 2d 44), after a hearing on notice, Justice Tompkins imposed a $10,000 sanction upon petitioner for commencing a series of frivolous and repetitious proceedings, which he knew had no legitimate basis. And, in McHale v Plaza Tool & Dye Corp. (NYLJ, Apr. 17, 1990, at 24, col 5), Justice Lonschein imposed sanctions, after a hearing, for commencing a frivolous action against the wrong party.
Neither Van Norden (supra) nor Winters (supra) nor McHale (supra) involved a request by the parties for sanctions. Thus, the need for some type of hearing to permit the issue to be addressed. In Guarnier (supra), Justice Gammerman imposed sanctions sua sponte, without a hearing, but there, the frivolous conduct — deliberately causing a mistrial — was committed in front of the court. In contrast, a hearing is unnecessary where a motion for sanctions has been made, since the opportunity to be heard is afforded by the return date of the motion. (See, e.g., Weltz v Raiff & Sons, NYLJ, Jan. 22, 1990, at 33, col 3, where sanctions were imposed for persistent Judge-baiting during a trial, which the court found "fostered an atmosphere of disrespect in derogation of courtroom decorum.”)
In our case, the sanctions issue was tendered on the original submission in November 1989. Both parties appeared, ready to be heard and the issue could have and should have been fully addressed and disposed of. Instead, the court fragmented the issue by deciding to impose sanctions and, at the same time, fixing a hearing as to the amount before a different Civil Court Judge.
This fragmentation, in my view, is inconsistent with the applicable court rules, which must be followed, since, in the absence of the Uniform Rules, there is no inherent judicial power to impose sanctions for frivolous and wasteful litigation *800 (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1).
22 NYCRR 130-1.2 provides as follows: "The court may make an award of costs or impose sanctions or both only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate. An award of costs or the imposition of sanctions or both shall be entered as a judgment of the court. In no event shall the total amount of costs awarded and sanctions imposed exceed $10,-000 in any action or proceeding.” (Emphasis added.)
The clear import of the rule is that the Judge who determined that sanctions be imposed also fix the amount of the sanction and that this be set forth in one written decision. Under the rule, the decision must be in writing and must contain all three findings, namely, the conduct found to be frivolous, the reasons therefor, and the rationale to sustain the appropriateness of the amount awarded or imposed. Plainly, this was not done here. The prior order is incomplete in not setting forth the amount of the sanction and the reasons for it. Thus, on its face, the order does not comply with the applicable court rules relating to the imposition of sanctions.
Notwithstanding this omission, is this court bound, by the doctrine of law of the case, to adhere to the improper procedure in the prior order and to now fix the amount of the sanction? I think not.
The Court of Appeals observed in Martin v City of Cohoes (37 NY2d 162, 165): "The doctrine of the 'law of the case’ is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned (United States v United States Smelting Co., 339 US 186, 198; Insurance Group v Denver & R.G.W.R. Co., 329 US 607, 612; Messenger v Anderson, 225 US 436, 444; Telaro v Telaro, 25 NY2d 433, 437-438; Note, Successive Appeals and the Law of the Case, 62 Harv L Rev 286).”
Under the law of the case doctrine, one Judge of coordinate jurisdiction should not vacate, modify or depart from a ruling or order, in the same case, on the same question, made by another Judge of equal rank (see generally, 29 NY Jur 2d, Courts and Judges, § 496 et seq.). The underlying rationale is *801 the necessity that there be finality to the decisional process and to avoid uncertainty and confusion which would result were Judges free to indiscriminately alter other Judge’s determinations. The available remedy is to appeal, law of the case having no applicability or binding effect on an appellate court, which is not a tribunal of coordinate jurisdiction (Martin v City of Cohoes, supra; Rager v McCloskey, 305 NY 75, 78).
However, it has been recognized that the doctrine is one of comity, a discretionary rule of practice which, although generally adhered to, does not necessarily extinguish the power of the second Judge to make a determination at odds with the earlier decision (see, Messenger v Anderson, 225 US 436, 444, supra; Dictograph Prods. Co. v Sonotone Corp., 230 F2d 131). As Justice Holmes observed in Messenger v Anderson (supra, at 444), law of the case "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.”
Thus, in Wilson v McCarthy (53 AD2d 860, 861) the Appellate Division, Second Department, refused to apply the doctrine, concluding that "adherence to the law of the case principle in this case would be counterproductive”, since the prior order, restricting the scope of a deposition, was inconsistent with the liberal rules relating to full disclosure of relevant evidence. In Figueroa v Scharfberg (79 AD2d 966), the First Department held the doctrine inapplicable to a prior determination, which had denied a motion to strike the case from the calendar, where the prior decision was made on an oral application, at a pretrial conference, without the benefit of papers.
Similarly, in Foley v Roche (86 AD2d 887), the Second Department held law of the case inapplicable with respect to a prior First Department decision, where, in the interim, the applicable law had been changed by the United States Supreme Court and the Court of Appeals — an "extraordinary circumstance”, sufficient to warrant that the prior determination not be followed.
In our case, as noted, plainly the prior order is inconsistent with the letter and spirit of 22 NYCRR 130-1.2. It is facially incomplete in not adhering to the procedure provided by the Uniform Rules before sanctions may be imposed or costs awarded. In my view, the incomplete nature of the prior determination renders so much of the order as relates to sanctions a nullity. As a result, law of the case is inapplicable *802 here, nor, under the circumstances, does CPLR 9002 apply in terms of the validity of the incomplete determination.
Accordingly, on the court’s own motion, so much of the order as granted the motion to impose sanctions and set the matter down for a hearing as to the amount, before a different Judge, is vacated.
On the merits, I find no basis on this record to impose sanctions here. While pro se litigants are not immune from sanctions for frivolous conduct, some consideration must be given to the fact that, here, what is involved is access to the courts, a right cherished by every citizen. Ready access to the judicial system as a means to redress grievances is a right and privilege of citizenship, which should not be lightly cast aside.
It is plain that, under the facts presented, there was no merit to the action instituted following disposition of the summary proceeding. As was held, plaintiff’s failure to perfect an appeal may not be circumvented by the device of an independent plenary action for declaratory judgment, reargument and to reopen the landlord-tenant proceeding. Nor does the dismissal constitute an invitation to commence another action, (1) to recover for some sort of undisclosed injury occasioned by the prior dismissal, (2) alleging that the dismissal of the first action was improper and (3) seeking to reargue the summary proceeding.
Nevertheless, notwithstanding that there is no merit to the action, on the face of the pleadings, this case is somewhat different in scope and theory than the prior suit, although there are clear similarities. What amounts to a pleading here, although inartfully drawn and rambling, asserts a different type of claim than that in the prior action. Unlike the prior suit, no declaration of rights is sought here. Moreover, the prior complaint did not contain any claim for "personal injury” or "defamation” and, from the summons in each, it appears that the date from which interest is alleged to be due is different.
While the pleading fails to state a cognizable claim for relief in any event, and none appears, bearing in mind plaintiff’s pro se status, I find an insufficient basis on this record to impose sanctions. To the extent the pleading reiterates and relitigates issues in the prior suit, the appropriate remedy is the bar afforded by application of the alternate doctrines of res judicata and collateral estoppel, not the imposition of severe monetary sanctions at this time.
*803 The rule with respect to sanctions should not be applied indiscriminately, without regard to equitable notions and concepts. All of the underlying circumstances, including that of the parties, must be examined with regard to the propriety of the requested imposition. To hold otherwise would unwisely and improperly cause the rule of law to be emasculated by the sanctions rule, which should be sparingly exercised in those critical situations where such relief is both necessary and appropriate.
Accordingly, upon the foregoing, that branch of defendant’s motion for sanctions is denied in all respects.