■ DUBAI BANK LIMITED, Respondent, v SAYED ABBAS AYYUB et al., Defendants, and FAIZ BABER, Appellant.—Order,

Supreme Court, New York County (Robert E. White, J.), entered on or about September 13, 1991, which denied defendant-appellant's motion to dismiss the complaint as against him, or, in the alternative, to stay an inquest and compel plaintiff to accept his answer, and granted plaintiff's cross motion for costs and sanctions to the extent of awarding plaintiff attorneys' fees of $1500 and imposing sanctions against defendant and his counsel each in the amount of $2500, unanimously modified, on the law, without costs, to vacate the award of costs and sanctions, and the matter is remanded for a decision and findings of fact in accordance with 22 NYCRR 130-1.2.

The award of costs and sanctions must be vacated because not made "upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate." (22 NYCRR 130-1.2.) We should note, however, that there is no merit to defendant's argument that the court did not give him a reasonable opportunity to be heard before imposing sanctions, as required by 22 NYCRR 130-1.1 (d). "The form of the hearing shall depend upon the nature of the conduct and the circumstances of the case." *(Ibid.)* Defendant admits that both sides were present at oral argument, and does not claim that he was prevented from arguing in opposition to the cross motion. Under the circumstances of this case, that was sufficient *(Bruckner v Jaitor Apts. Co.,* 147 Misc 2d 796). Nor is there merit to defendant's argument that his default should be vacated, his conclusory statements in support thereof showing neither a reasonable excuse nor a meritorious defense. Concur—Carro, J. P., Rosenberger, Wallach and Ross, JJ.