■ GORDON GROUP INVESTMENTS, LLC, Appellant, v MICHAEL "JACK" KUGLER et al., Defendants, and ALEXANDER VIK et al., Respondents. KENNEDY BERG, LLP, Nonparty Appellant. [8 NYS3d 115]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered October 30, 2013, September 27, 2013, and September 18, 2013, which granted defendants-respondents' motion for sanctions to the extent of awarding attorney's fees

and expenses against plaintiff-appellant and nonparty appellant in the total amount of $54,597.46, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion denied, and the award vacated.

Plaintiff Gordon Group Investments, LLC (GGI) commenced this action against defendants seeking damages arising from an alleged pump-and-dump scheme. The complaint asserted, inter alia, causes of action for breach of contract, breach of fiduciary duty and fraud. Defendant Michael "Jack" Kugler (Kugler) moved to dismiss the complaint as time-barred and for failure to state a cause of action. The remaining defendants also sought dismissal on various grounds. The motion court dismissed the complaint in its entirety on statute of limitations and other grounds.

GGI, by its counsel, nonparty appellant Kennedy Berg, subsequently moved by order to show cause and pursuant to CPLR 2221 and 5015 (a) to renew or vacate the order dismissing the complaint. Although the cover page of the order to show cause indicates that the motion was directed to all of the defendants, the accompanying papers made clear that GGI sought to reinstate a discrete cause of action against one defendant only—Kugler. In the affirmation in support, GGI's counsel stated that "[t]his motion is directed at . . . the Court's ruling that GGI's breach of contract claim against defendant Michael 'Jack' Kugler ('Kugler') is time-barred." In the accompanying memorandum of law, counsel wrote that the motion seeks to "revisit the dismissal of GGI's breach of contract claim [against Kugler]." The arguments set forth in both the affirmation and memorandum of law related solely to the breach of contract claim against Kugler.

In response to GGI's motion, three sets of opposition papers were filed by the defendants other than Kugler.[1] In these submissions, those defendants explicitly recognized that GGI's motion sought no relief against them. They also made substantive arguments as to why renewal or vacatur was not warranted with respect to the court's dismissal of the contract claim against Kugler. The court denied the renewal/vacatur motion, finding that it was, in effect, an untimely motion for reargument and that no basis existed for vacatur under CPLR 5015 (a).

Defendants-respondents (hereinafter defendants)[2] moved,

---

1. Kugler did not file any opposition to the renewal/vacatur motion.

2. Defendants Kugler and Barbara Vogt Kugler are not parties to this appeal.

pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1, for sanctions, attorney's fees and expenses against GGI and Kennedy Berg. Defendants argued, inter alia, that the renewal/vacatur motion was frivolous because the order to show cause had been directed at all defendants, yet sought relief only as to Kugler. The motion court granted the motion to the extent of awarding attorney's fees and expenses incurred in opposing the motion to renew or vacate. In its decision, the court did not identify the exact conduct found to be frivolous, made no specific findings, and did not give reasons for its decision to grant the motion.

We find that the motion court improvidently exercised its discretion in awarding attorney's fees and expenses. 22 NYCRR 130-1.1 (a) allows for "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct." Section 130-1.1 (c) defines conduct as frivolous if, inter alia, "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (§ 130-1.1 [c] [1]). The mere fact that the cover page of GGI's order to show cause directed the renewal/vacatur motion to all defendants does not rise to the level of frivolous conduct. Viewed in its entirety, the order to show cause, along with the accompanying affirmation and memorandum of law, made clear that GGI sought relief only as to Kugler and not the remaining defendants. Nor is there any convincing claim that defendants were misled by the mislabeled order to show cause. Indeed, their opposition papers explicitly recognized that GGI's motion sought only to reinstate the breach of contract claim against Kugler. The better practice would have been for GGI's counsel to have withdrawn the motion as to the defendants other than Kugler once it received their responses.[3] However, its failure to have done so was not "so egregious as to constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1" (*Carson v Hutch Metro Ctr., LLC*, 110 AD3d 468, 469 [1st Dept 2013] [internal quotation marks omitted]).

Nor can it be said that GGI's attempt to reinstate the breach of contract claim against Kugler was "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]) or that the motion was filed for improper purposes. Although ultimately rejected by the motion court, the arguments advanced by GGI as to Kugler were of colorable merit, and were not made in bad faith (*see Yenom*

---

**3.** On appeal, GGI notes that any confusion as to the scope of the relief sought could have been resolved if defendants' counsel had contacted GGI's counsel upon receipt of the order to show cause.

*Corp. v 155 Wooster St. Inc.*, 33 AD3d 67, 70 [1st Dept 2006] ["(courts) must be careful to avoid the imposition of sanctions in cases where the (party) asserts colorable, albeit unpersuasive, arguments in good faith and without an intent to harass or injure"]).

Moreover, the award of costs would have to be vacated because the motion court failed to satisfy the procedural requirements of 22 NYCRR 130-1.2 (*see Dubai Bank v Ayyub*, 187 AD2d 373 [1st Dept 1992]). That section provides that a court may award costs or impose sanctions "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate." Thus, the court must "fully explain its decision" in writing (*Holloway v Holloway*, 260 AD2d 898, 899-900 [3d Dept 1999]). Here, the court did not set forth the conduct it found to be frivolous, and provided no reason whatsoever for its decision to impose legal fees and costs.

We have considered defendants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.