Verdi v Dinowitz (2020 NY Slip Op 06373)





Verdi v Dinowitz


2020 NY Slip Op 06373


Decided on November 05, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 05, 2020

Before: Acosta, P.J., Singh, Kennedy, Shulman, JJ. 


Index No. 158747/16 Appeal No. 12277 Case No. 2020-03337 

[*1]Manuele Verdi, etc., et al., Plaintiffs-Appellants,
v
Jeffrey Dinowitz, etc., Defendant-Respondent. Ezra Glaser, Nonparty-Appellant.


Clyde & Co., US LLP, New York (J. Richard Supple, Jr. of counsel), for appellants.
Stroock & Stroock & Lavan LLP, New York (Charles G. Moerdler of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J), entered March 9, 2020, which, insofar as appealed from as limited by the briefs, granted defendant's CPLR 3211(a)(5) and (7) motion to dismiss the second cause of action, all claims based on paragraphs 104, 108, and 123 of the complaint, and all demands for punitive damages, and imposed sanctions on plaintiff and his counsel pursuant to 22 NYCRR 130.1.1, unanimously affirmed, without costs.
The motion court correctly dismissed claims arising from paragraphs 108 and 123 of the second amended complaint, as the alleged defamatory statements therein had already been stricken as nonactionable "Lawsuit Statements" in prior orders (see Verdi v Dinowitz, 2017 NY Slip Op 32073[U] [Sup Ct, NY County 2017], mod on other grounds 161 AD3d 413 [1st Dept 2018]).
The court correctly dismissed as time-barred the second cause of action and claims arising from paragraph 104. Those claims are untimely under the one-year statute of limitations (CPLR 215[3]), and, as the court found, the relation-back doctrine does not apply because they were based on new statements in entirely new publications (see Luisi v JWT Group, 128 Misc 2d 291, 295-296 [Sup Ct, NY County 1985]; Hartmann v Time, Inc., 60 NYS 2d 209, 211-212 [Sup Ct, NY County 1945], affd 271 App Div 781 [1st Dept 1946]).
The court correctly dismissed the demands for punitive damages, because the complaint does not allege that in making the statements defendant was "solely motivated by a desire to injure plaintiff" (Morsette v The "Final Call," 309 AD2d 249, 255 [1st Dept 2003], appeal dismissed 5 NY3d 756 [2005]).
The imposition of sanctions did not violate plaintiff's or his counsel's procedural due process rights. Plaintiff and his counsel made their fifth and sixth applications for sanctions in opposition to defendant's motion for a protective order and motion to dismiss and, after defendant responded by arguing that the repetitive requests for sanctions were frivolous and sanctionable, the court held oral argument on all the motions, at which time plaintiff and counsel were present and argued before the court. Thus, they had fair notice and a reasonable opportunity to be heard (see 22 NYCRR 130-1.1[d]; Dubai Bank v Ayyub, 187 AD2d 373, 374 [1st Dept 1992]; see also Matter of Gordon v Marrone, 202 AD2d 104, 110-111 [2d Dept 1994], lv denied 84 NY2d 813 [1995]). In addition, the order sets forth a number of reasons for the court's finding of frivolous conduct and imposition of the sanctions (see 22 NYCRR 130-1.2).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 5, 2020