Dewald v Dewald

2026 NY Slip Op 02370

April 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Kristina Y. Dewald, Respondent,

v

Jerome W. Dewald, Appellant.

Decided and Entered: April 21, 2026

Index No. 365136/23|Appeal No. 6412|Case No. 2025-03454|

Before: Renwick, P.J., Friedman, Gesmer, Pitt-Burke, Hagler, JJ.

Jerome W. Dewald, appellant pro se.

Wisselman Harounian Family Law, Carle Place (Lloyd C. Rosen of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Jeffrey H. Pearlman, J.), entered April 7, 2025, which, after a trial, to the extent appealed from as limited by the briefs, declined to award defendant husband spousal maintenance and ordered him to pay plaintiff wife $5,500 in counsel fees in accordance with 22 NYCRR 130-1.1, unanimously modified, on the law, to the extent of vacating the counsel fee award, and otherwise affirmed, without costs.

The husband failed to establish that Supreme Court abused its discretion in deviating from the statutory guidelines to determine that he was not entitled to an award of post-divorce maintenance (see Van Boxtel v Van Boxtel, 233 AD3d 463, 463 [1st Dept 2024]; Rennock v Rennock, 203 AD3d 675 [1st Dept 2022]). After Supreme Court computed the presumptive amount and duration of maintenance under the guidelines set forth in Domestic Relations Law § 236(B)(6)(e)(1), it considered the factors that warranted a deviation from the statutory formulas. These factors included but were not limited to the husband's age and assets, as well as his prior criminal conviction for fraud; the maintenance that the wife had already paid pendente lite; and the fact that the parties had spent time living apart during their relatively short marriage. Consideration of these factors provided a sufficient basis for the court's decision not to award maintenance to the husband. In addition, although the husband asserts that the court overlooked Domestic Relations Law § 236(B)(6) factors that it was required to consider — for example, the large disparity in the parties' ages and their standard of living during the marriage — the record makes clear that the court did, in fact, consider those factors. Contrary to the husband's assertion otherwise, any factual errors made by the court in its assessment are largely immaterial and do not change the analysis.

We also reject the husband's assertions that he lacks assets after investing all his money in the marriage and the parties' lifestyle, and that his age prevents him from rebuilding financial security. The husband made these same arguments before Supreme Court, which properly rejected them, as it was not required to rely solely on his representations of his financial status (see Warshaw v Warshaw, 173 AD3d 582, 583 [1st Dept 2019]). The court also noted that it did not find the husband's testimony to be credible, and this finding is entitled to great deference (Fishman v Fishman, 244 AD3d 526, 527-528 [1st Dept 2025]; Matter of Anthony L. v Bernadette R., 193 AD3d 510, 511 [1st Dept 2021]).

[*2]

However, the award of counsel fees requires vacatur, as the court did not satisfy the procedural requirements of 22 NYCRR 130-1.2. Under that section, a court may award costs or impose sanctions "only upon a written decision setting forth the conduct on which the award or imposition is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded or imposed to be appropriate." Here, the court did not set forth the conduct it found to be frivolous, nor did it provide the reason for its decision to impose counsel fees (Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 595 [1st Dept 2015]).

We have considered the husband's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 21, 2026