■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant, v COLLINS SALES SERVICE, INC., et al., Respondents.—Order, Supreme Court, New York County, entered July 17, 1978, denying plaintiff's motion for summary judgment against defendant Sesco Designs, Inc., unanimously reversed, on the law, with $75 costs and disbursements of this appeal payable to appellant, and the motion granted. Plaintiff loaned money to Precision Graphics, Inc., which loan was secured, in part, by an interest in Precision's accounts receivable. At the inception of the instant suit, Precision owed plaintiff $4,615.40 on the loan. Precision subsequent to the loan sold goods to defendant Sesco Designs, Inc., for which the latter was obligated to pay $8,461.51 net. Plaintiff seeks to satisfy its claim from this amount, considering it an account receivable. Precision also owed moneys in the form of commissions to defendant Collins Sales Service, Inc., a corporation whose principal officer and shareholder was also a principal officer and shareholder of Sesco Designs, Inc. An agreement between Precision, Collins Sales and Sesco purported to permit Precision to set off money owed it by Sesco against the money it owed to Collins Sales. This was accomplished by a method wherein Precision would deliver merchandise to Sesco in ostensible satisfaction of the debt owed to Collins Sales, but, in effect, offsetting Sesco's cash debt to Precision. Documentary evidence of this arrangement, in the form of a letter from the new owner of Precision to Sesco dated September 15, 1975, indicates an intention between the parties to continue this arrangement. Plaintiff, as Precision's assignee, seeks to pierce this arrangement and reach the receivables owed Precision by Sesco. Defendants' opposition to plaintiff's motion for summary judgment is in the form of an attorney's affidavit which is insufficient to defeat such motion absent personal knowledge on the part of the affiant. Patently, defendant Collins Sales Service, Inc., as to plaintiff is merely a third party, since only defendant Sesco is an account debtor of Precision, defendant Collins Sales being an account creditor. There is no proof that the arrangement between Precision, Sesco and Collins Sales predated the secured transaction between plaintiff and Precision. A perfected security interest must prevail over presumably subsequent unperfected security interests (Uniform Commercial Code, § 9-312). "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial" *(Di Sabato v Soffes,* 9 AD2d 297, 301). Settle order. Concur—Lupiano, J. P., Fein, Lane, Markewich and Sullivan, JJ.