■ ROSE WEINBERG, as Administratrix of the Estate of ALBERT WEINBERG, Deceased, Respondent, v JOHNS-MANVILLE PRODUCTS CORPORATION et al., Respondents, and OWENS-CORNING FIBERGLAS CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County, entered May 5, 1978, denying the motion by defendant Owens-Corning Fiberglas Corp. for summary judgment dismissing the complaint and all cross claims against it, reversed, on the law, without costs or disbursements and the motion granted. The complaint, directed at 18 named manufacturers and sales corporations associated with the manufacture and distribution of asbestos products, alleges that plaintiff's decedent died after contracting malignant mesothelioma as a result of exposure to asbestos products during the period

decedent was employed at the Sparrows Point Shipyard in Baltimore, Maryland, and Bethlehem Steel Shipyard, Hoboken, New Jersey. Defendants allegedly manufactured, supplied and sold asbestos and asbestos products to the Sparrows Point Shipyard. In answer to interrogatories propounded by defendant Johns-Manville, plaintiff stated that decedent came into contact with asbestos products while employed by Bethlehem Steel at the Sparrows Point Shipyard from 1941 to 1945 and at the Hoboken Shipyard from 1947 to 1948. Owens-Corning thereupon moved for summary judgment dismissing the complaint and all cross claims asserted against it, supported solely by the affidavit of its vice-president, finance and law, stating "Upon information after reasonable research of all available records, Owens-Corning Fiberglas Corporation first began to manufacture, distribute and sell insulation products containing asbestos subsequent to April 1, 1953, to the best of his knowledge and belief; and * * * neither manufactured, distributed nor sold" such products before that date. The only opposition to the motion was by codefendant Johns-Manville Sales Corporation (Johns-Manville), noting (1) the existence of a cross claim by Johns-Manville against Owens-Corning for contribution and apportionment of responsibility; (2) the fact that Owens-Corning's motion was supported by affidavit made on information and belief; (3) no discovery had thus far been held to determine when Owens-Corning first began to manufacture and sell asbestos insulation products, a matter peculiarly within the knowledge of Owens-Corning. Special Term denied the motion as premature, observing that the answers to interrogatories were not conclusive and could be amended upon subsequent application, stating: "During the course of discovery it may well develop that there were other substantial periods of exposure and that some of these involved the period during which Owens-Corning was involved with asbestos products." This, however, is not dispositive. We note the failure of plaintiff to oppose the motion for summary judgment as evincing a lack of basis for instituting the litigation against Owens-Corning. Plaintiff's responses to the Johns-Manville interrogatories made no assertions that Owens-Corning manufactured, sold or distributed asbestos products during the pertinent periods. Although defendant Johns-Manville did appear in opposition to the motion, neither it nor plaintiff nor any other respondent has appeared in opposition to this appeal. Where the parties or their attorneys show no interest in continuing to litigate the claim, the burden of representation should not be shifted to the courts. We do not quarrel with the theory of the dissent that summary judgment searches the record. But, unlike the dissent, we see no need to reach out to preserve for subsequent motion practice or trial the claim against Owens-Corning where plaintiff in effect abandoned the action as against that defendant on the motion and where no respondent appeared in opposition to this appeal. Such a position is not unlike perpetuating a lawsuit where a party is in default and has shown no interest in litigating the claim. Moreover, while the moving affidavits are made on information and belief, they do make out a prima facie showing that the moving defendant was not engaged in the manufacture of the offending product at the time relevant to plaintiff's claim. Since the sole party opposing the motion below, not the plaintiff but defendant Johns-Manville, produced no evidence, even on information and belief, that would controvert movant's showing, no triable issue was generated. Although the moving affidavit is carefully couched, it is that of a corporate officer relating to a search of records going back over 30 years. It is entitled to at least prima facie credence as to what those records show, sufficient to support summary judgment in the absence of even token opposition. In the

circumstances of this case, where not an iota of evidence controverts appellant's disclaimer that it manufactured the asbestos, the court system and appellant should not be burdened with the continued joinder of Owens-Corning Fiberglas Corp. It is obvious that plaintiff joined appellant without any basis for doing so and, once appellant has pointed that out, the plaintiff is content to pursue its claims against the numerous other defendants that she has joined. Concur—Murphy, P. J., Silverman, Evans, and Fein, JJ.

Lupiano, J., dissents in a memorandum as follows: This is an action to recover for personal injuries allegedly sustained by plaintiff's intestate as a result of exposure to asbestos and asbestos products which were allegedly manufactured, supplied and sold by one or another of the 18 defendant corporations. It is alleged that plaintiff's intestate was exposed to asbestos dust during his five years of employment at the Sparrows Point Shipyard from 1941 to 1945 and during his two years of employment at the Hoboken Shipyard from January, 1947 to December, 1948. After joinder of issue, defendant Owens-Corning Fiberglas Corporation moved for summary judgment pursuant to CPLR 3212 seeking dismissal of the complaint and of the cross complaints of all codefendants. The motion was noticed against plaintiff and the following 10 defendants: Unarco Industries, the Johns Manville Corporations, Uniroyal, Inc., the Southern Asbestos Co., H. K. Porter Company, Raybestos-Manhattan, Inc., Pittsburgh Corning Corporation and Eagle-Picher Industries, Inc. In seeking summary judgment relief, defendant Owens-Corning Fiberglas Corp. submitted and relied upon an affidavit of one of its officers, to wit, Thurman W. Bretz, vice-president, finance and law. In his affidavit, Mr. Bretz states in pertinent part: "he is giving this affidavit on personal knowledge * * * and that: (a) *Upon information and after reasonable research* of all available records, Owens-Corning Fiberglas Corporation first began to manufacture, distribute and sell insulation products containing asbestos subsequent to April 1, 1953, *to the best of his knowledge and belief;* and (b) *Upon information and after reasonable research* of all available records, Owens-Corning Fiberglas Corporation neither manufactured, distributed nor sold any insulation products containing asbestos prior to April 1, 1953, *to the best of his knowledge and belief"* (emphasis supplied). Defendants the Johns-Manville Corporations opposed Owens-Corning Fiberglas Corp.'s motion, aptly pointing out that the affidavit of Mr. Bretz is qualified by the words "to the best of his knowledge and belief," that there has been no discovery whatsoever against Owens-Corning in this litigation, and that "The defendants are entitled to discovery by virtue of depositions and review of documentary materials *to determine on their own* when the defendant Owens began manufacturing and selling asbestos insulation products." On a motion for summary judgment, "Issue-finding, rather than issue-determination, is the key to the procedure" *(Esteve v Abad,* 271 App Div 725, 727). As the granting of a summary judgment motion is the procedural equivalent of a trial, it is clear that such relief is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (see *Crowley's Milk Co. v Klein,* 24 AD2d 920; *Moskowitz v Garlock,* 23 AD2d 943). At the outset it is noted that the movant, defendant Owens-Corning, does not unequivocally assert that it did not manufacture, distribute or sell any insulation products containing asbestos until after April 1, 1953, but simply avers that a search of its records (which it deems "reasonable") did not disclose a contrary result. While an assertion of fact on information based on a search of records might under certain circumstances be a sufficient predicate for summary judgment relief, the circumstances herein mandate a denial at this juncture of such

relief. The records utilized herein for the factual assertion based on information are patently within the exclusive possession of the moving party, defendant Owens-Corning Fiberglas Corp. The Court of Appeals has stated: " 'We have held that summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, which might well be disclosed by cross-examination or before trial *(Kamen v. Metropolitan Life Ins. Co.,* 6 A D 2d 406, affd. 6 N Y 2d 737; *Suslensky v. Metropolitan Life Ins. Co.,* 180 Misc. 624, affd. 267 App. Div. 812; *West Virginia Pulp & Paper Co. v. Merchants Mut. Ins. Co.,* 10 A D 2d 451; 5 Carmody-Wait, New York Practice, p. 145).' *(Proctor & Gamble Distr. Co. v. Lawrence Amer. Field Warehousing Corp.,* 16 N Y 2d 344, 362.)" *(Terranova v Emil,* 20 NY2d 493, 497.) Of course, the issue of exclusive knowledge by movant of its own records is the very fact pointed out by defendants, the Johns-Manville Corporations in their opposition to Owens-Corning Fiberglas Corp.'s motion for summary judgment. However, even without such opposition, a court should be loath to grant summary judgment under these circumstances without affording to the other litigants the opportunity at least of pretrial discovery and disclosure. As the motion for summary judgment searches the record, the court must search the proof as proffered by movant's affidavits or otherwise to ascertain whether it discloses a triable issue or some circumstance warranting denial of this drastic remedy at this stage of the litigation. Under CPLR 3212, relief may be afforded only after issue is joined. This means that the court is faced with a situation in which the parties have appeared and entered into opposition by virtue of the pleadings. As a general rule, the relevance of this procedural aspect to the situation where the movant has exclusive knowledge impels the court in searching the record to be chary of affording the drastic remedy of summary judgment except where the parties moved against affirmatively concede the movant's factual presentation. Patently in this case, not only is there no affirmative concession of movant's factual averment, but there is opposition to the motion squarely raising the exclusive knowledge issue. CPLR 3212 (subd [f]) is applicable, therefore, to these circumstances. It states: "Should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such order as may be just." Special Term in denying Owens-Corning's motion for summary judgment is premature adverted to "the course of discovery" and by so doing indicated that it was in effect employing the safeguarding aspect of CPLR 3212 (subd [f]). This is an eminently correct result and no basis exists on this record for the court to hold that *as a matter of law* such result was incorrect and that movant is entitled to summary judgment at this time. The mere fact that plaintiff and the other codefendants who served cross complaints (a *Dole-Dow* situation), other than the Johns-Manville Corporations, did not submit papers in opposition to defendant Owens-Corning's motion, may not justify, on this record, an award of summary judgment relief. The burden to demonstrate that it was entitled to this relief rested at all times on movant, with or without opposition from the other parties, unless, of course, they concede the truth of movant's presentation, in which event it would be clear that the burden was carried. Further, the mere fact that on appeal no points were submitted by respondent again may not serve to justify the grant of summary judgment relief to movant not otherwise warranted on the record. To view the failure to file a brief on appeal (which simply indicates that the party not so

filing is relying solely on the record) as warranting the affording of summary judgment relief not otherwise mandated by the record on an ostensible basis of lack of interest, is to create dangerous precedent not countenanced by legal reasoning or common sense. Accordingly, the order of the Supreme Court, New York County, entered May 5, 1978, denying defendant Owens-Corning Fiberglas Corp.'s motion for summary judgment, should be affirmed, with costs and disbursements.