OPINION OF THE COURT
 

 Memorandum.
 

 The order appealed from should be affirmed, with costs, for the reasons stated at the Appellate Division.
 

 We take this opportunity, however, to comment upon defendants’ use of section 9-318 of the Uniform Commercial Code as an affirmative defense in this action. Plaintiff Bank Leumi Trust Co. loaned money to Precision Graphics, Inc., this loan being secured, in part, by an interest in Precision’s accounts receivable. Precision then sold goods to defendant Seseo Designs, Inc., for which Seseo was obligated to pay Precision approximately $8,000 net. It is from this indebtedness which plaintiff, the assignee of the accounts receivable, seeks to satisfy its claim.
 

 Precision, however, owed moneys arising from commission sales to defendant Collins Sales Service, Inc., a corporation having the same principal officer and shareholder as defendant Seseo. By virtue of an agreement between Precision, Seseo and Collins, these parties agreed that Precision would be permitted to set off money owed it by Seseo against its indebtedness to Collins.
 

 In this action, plaintiff, as Precision’s assignee, seeks to
 
 *890
 
 pierce this arrangement of payment and reach the receivables due and owing Precision by Seseo. Defendants oppose plaintiffs motion for summary judgment by arguing that the provisions of section 9-318 of the Uniform Commercial Code subject plaintiffs rights to those claims and defenses that the defendants have against Precision. We reject this contention.
 

 Specifically, defendants predicate their entire argument upon the following statutory, language: "Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale * * * the rights of an assignee are subject to (a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom” (Uniform Commercial Code, § 9-318, subd [1], par [a]). By its very terms, this provision subjects the rights of the assignee
 
 only
 
 to those claims or defenses which the account debtor, defined as "the person who is obligated on an account” (§ 9-105, subd [1], par [a]), has against the assign- or.
 

 It is abundantly clear that only Seseo is an account debtor of Precision, the assignor, Collins being an account creditor by virtue of the money owed it by Precision. Thus, in order to invoke the protection accorded by the statutory section, it was incumbent upon Seseo to come forth with evidentiary facts that it had a claim or defense against Precision arising from their contract for the sale of goods which would negate its obligation to pay Precision. This, defendant Seseo has failed to do.
 

 The reason espoused by Seseo for refusing payment for the goods it received from Precision is not a claim or defense arising from their contract, but, rather, a collateral agreement in which the method of payment of Precision’s obligation to Collins was established. In light of the testimony of Kenneth Collins, principal of both Collins and Seseo, that no intercorporate transactions between Seseo and Collins with respect to those corporations’ dealings with Precision had ever taken place, it is the inevitable conclusion that Collins’ claim against Precision was never assumed by Seseo. Not establishing any claim or defense against Precision, plaintiff’s motion for summary judgment was properly granted plaintiff as against defendant Seseo.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
 

 Order affirmed, with costs, in a memorandum.