■ VICTORIA SMITH, Respondent, v JOHNSON PRODUCTS Co. et al., Defendants, and WOLKOW & SONS, Appellant. JOHNSON PRODUCTS Co., INC., Third-Party Plaintiff, v LAWNDALE PRODUCTS, INC., Third-Party Defendant. — Order,

676

Supreme Court, New York County (Arthur Blyn, J.), entered February 19, 1982, *inter alia,* denying the motion by defendant Wolkow & Sons for summary judgment dismissing the complaint, reversed, to the extent appealed from, on the law, with costs, the motion granted and the complaint dismissed as against Wolkow. The action was brought to recover for personal injuries, sustained on October 16, 1973, when plaintiff's hair ignited while using a hair-straightening comb in conjunction with a hair conditioner, both purchased at defendant Kaner's Pharmacy, Inc. Defendant Johnson Products Co. allegedly manufactured the hair conditioner known as "Ultra Sheen Hair Conditioner & Hair Dress." The complaint alleges that the hot comb was manufactured by Wolkow. In the third-party action, commenced by defendant Johnson, as third-party plaintiff, it is asserted that the hair-straightening comb used by plaintiff was manufactured by Lawndale Products, Inc., the third-party defendant. After an examination before trial of Wolkow held in July, 1977, at which the hot comb was inspected, appellant Wolkow moved for summary judgment dismissing the complaint, placing principal reliance upon the affidavit of its president to the effect that Wolkow was not the manufacturer of the comb. The denial of the motion (Klein, J.) was affirmed by us on January 31, 1980 (73 AD2d 906), without prejudice to renewal after discovery had been had as to the third-party defendant Lawndale Products who, at the time, had not as yet interposed an answer to the third-party complaint. On November 23, 1981, Wolkow renewed its motion, once again relying upon the testimony of its president that it was not the manufacturer of the comb. Special Term denied the motion, concluding that, inasmuch as no deposition of Lawndale had been held, the motion was premature. We disagree. Special Term overlooked the fact that almost two years had elapsed since the prior appeal, without any disclosure proceedings by plaintiff or any other party as to Lawndale. The record reflects that there were 10 adjournments of the Lawndale deposition subsequent to the prior appeal, extending from February 6, 1980 to October 9, 1981, in addition to three prior adjournments. While the record does not demonstrate which party sought each adjournment, we find plaintiff had ample opportunity to pursue some affirmative course of disclosure over the two-year period to ascertain whether the claimed defective product was manufactured by Wolkow or by Lawndale. (Cf. *Guarino v Mohawk Container Co.,* 59 NY2d 753.) In support of the motion for summary judgment, Wolkow relied upon the testimony of its president that it did not manufacture the comb alleged to have caused plaintiff's injuries, detailing specific differences between that comb and those manufactured by Wolkow. Such proof was at least prima facie sufficient to support the application for summary judgment (cf. *Weinberg v Johns-Manville Prods. Corp.,* 67 AD2d 640). In opposing the motion, plaintiff offered no evidence to establish that the comb had been manufactured by appellant. Thus, after an inordinate period, there was a failure of proof on plaintiff's part in opposing the motion for summary judgment. A party appearing in opposition to a motion for summary judgment must lay bare his proof and present evidentiary facts sufficient to raise a genuine triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1067; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). Mere conclusory assertions, devoid of evidentiary facts, are insufficient for this purpose, as is reliance upon surmise, conjecture or speculation. The affirmation of counsel, without knowledge of the facts, has no probative value on such a motion (*Roche v Hearst Corp.,* 53 NY2d 767). The dissent hinges its position, in part, upon the fact that Wolkow's evidence now is the same as in 1978 before Justice Klein. This overlooks the fact that proof of a negative fact, i.e., that Wolkow did not

manufacture this product, can only be established by a denial. How else can one prove that the allegedly defective product was not made by it? As far as appears, there are no records or other proof available. However, we do have a further element supporting this, namely, the deposition of Wolkow's president that this comb was not of the kind manufactured by Wolkow but by Lawndale. In view of the failure by plaintiff to pursue available disclosure over the past two years and more, we fail to perceive any justifiable basis to compel Wolkow to remain as a party defendant, particularly in light of the uncontroverted evidence that it did not manufacture the product alleged to have been responsible for the injury sustained by plaintiff. Concur — Murphy, P. J., Ross, Milonas and Kassal, JJ.

Asch, J., dissents in a memorandum as follows: This is a personal injury action which arose when plaintiff Victoria Smith suffered severe and extensive burns across her scalp, neck and ears when she ran a hot comb through her hair after applying the hair product "Ultra Sheen Conditioner and Hair Dress." Defendant-appellant F. Wolkow & Sons (Wolkow) moved for summary judgment dismissing the complaint; defendant Johnson Products Co., Inc., also moved for summary judgment dismissing the complaint for lack of prosecution and third-party defendant Lawndale cross-moved to dismiss the complaints of plaintiff and third-party plaintiff or for alternative relief for unreasonable refusal to disclose. Special Term denied the motion by defendant Wolkow as premature and denied the cross motions by defendant Johnson Products and third-party defendant Lawndale without prejudice, as relating to pretrial discovery and thus properly brought at the precalendar conference to be held at Special Term, Part 8A. The appeal herein is solely by defendant Wolkow from that portion of the order which denied its motion for summary judgment. I would affirm that portion of the order of Special Term denying defendant Wolkow's motion. As noted by Special Term, defendant Wolkow previously moved for summary judgment and this motion was denied in an order entered on January 19, 1979 (Klein, J.), which stated, *inter alia,* that "[t]he issue of whether movant manufactured the comb at issue herein cannot be decided on the papers submitted." This court affirmed that order on January 31, 1980 (73 AD2d 906), without prejudice to renewal after discovery of third-party defendant Lawndale Products, Inc. Thereafter, arrangements were made for the deposition of Lawndale. This deposition was adjourned, allegedly by plaintiff, on the following dates: February 6, 1980; March 12, 1980; April 14, 1980; June 10, 1980; November 24, 1980; January 29, 1981; March 25, 1981; May 1, 1981; June 22, 1981; August 14, 1981; and October 9, 1981. By notice of motion dated November 23, 1981, defendant Wolkow renewed its motion for summary judgment. As in its previous motion, Wolkow submitted the deposition of its president, Mr. Rolnick, who indicated that the comb which allegedly caused the injury to plaintiff was not manufactured by Wolkow. Counsel also asserted that the examination of Lawndale was deplorably late. There can be no dispute that the deposition of the third-party defendant was long overdue. However, defendant Wolkow was aware of that fact and was a consenting participant in each of the adjournments of Lawndale's deposition. Indeed, the express purpose of the deposition of Lawndale is to establish that Wolkow is not the manufacturer of the comb. Accordingly, Wolkow, itself, should have moved to schedule a deposition of Lawndale or for an order pursuant to CPLR article 31. The evidence submitted by Wolkow in support of the instant motion for summary judgment is the same as that before Justice Klein in 1978, i.e., the deposition of Wolkow's president. No new facts are alleged. No documentary evidence or samples of the type of comb Wolkow does manufacture were submitted to support its claim that it does not manufacture the comb in

question. Defendant Wolkow argues that the party opposing a motion for summary judgment is obliged to come forward with proof of evidentiary facts (*Shapiro v Health Ins. Plan of Greater N.Y.*, 7 NY2d 56), and that the attorney's affidavit submitted by plaintiff in opposition to the motion is insufficient to defeat such motion absent personal knowledge on the part of the attorney (*Bank Leumi Trust Co. of N.Y. v Collins Sales Servs.*, 65 AD2d 735, affd 47 NY2d 888). While this may be true, the "proof" submitted by defendant Wolkow was conclusory, consisting basically of assertions by Wolkow's president without any supporting evidentiary facts. When there are deficiencies in the affidavits of both sides upon crucial matters, the motion for summary judgment should be denied (*Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540; *Wolf v Heating Maintenance of N.Y.*, 20 AD2d 861). Even assuming that defendant Wolkow's conclusory allegation that it did not manufacture the comb in question is sufficient to require plaintiff to come forward and lay bare her proofs (*Hanson v Ontario Milk Producers Coop.*, 58 Misc 2d 138), it appears from the affidavit submitted in opposition that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212, subd [f]). Accordingly, Special Term was correct in denying defendants motion for summary judgment, and this court should not reverse and grant such relief simply to punish plaintiff for the long delay in deposing Lawndale, especially where defendant certainly could have more aggressively undertaken to bring about such deposition. Finally, I note that there is a claim that Lawndale has been deposed after the entry of the order being appealed. Thus, I would affirm without prejudice to renewal of the summary judgment motion upon completion of the examination of Lawndale (assuming it has not yet been completed), and further to provide in the order affirming the order of Special Term that all oral deposition of Lawndale, if not yet completed, be completed within 45 days after the date of such order.