■ Konstantinos Kotzapigikogloy et al., Plaintiffs, v Seventy Ninth Associates et al., Defendants and Third-Party Plaintiffs-Appellants. Westinghouse Electric Corporation, Elevator Construction Division, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about October 3, 1990, which granted the third-party plaintiffs' motion for renewal and/or reargument, and adhered to the original determination granting a motion by third-party defendant Westinghouse Electric Corporation pursuant to CPLR 3212 for summary judgment, unanimously affirmed, without costs. The appeal from the order of said court entered on or about September 13, 1990, is dismissed, without costs, as having been subsumed in the appeal from the aforesaid order.

Plaintiff alleges he was injured when a lighting fixture in an elevator fell on him. Third-party defendant Westinghouse installed and services the elevator pursuant to a contract which expressly excludes lights and lighting fixtures from the scope of its coverage. The deposition testimony of an employee who serviced the elevator on behalf of Westinghouse shows that Westinghouse did not voluntarily undertake to repair or maintain the light fixtures. The third-party plaintiffs' opposition to the motion consists only of conclusory assertions, speculation, conjecture and surmise to the effect that the light fixture was improperly designed by Westinghouse (see, Smith v Johnson Prods. Co., 95 AD2d 675). Accordingly, the motion for summary judgment was properly granted. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.