[605 NYS2d 281]

JOHN A. SANDERS, Respondent-Appellant, v UNA D. COPLEY, Appellant-Respondent.

First Department, December 21, 1993

### APPEARANCES OF COUNSEL

*J. Owen Zurhellen, III,* of counsel, New York City *(Zurhellen & LaRue,* attorneys), for appellant-respondent.

*Mark H. Zafrin* of counsel, New York City *(Elliot B. Zafrin, P. C.,* attorney), for respondent-appellant.

### OPINION OF THE COURT

SULLIVAN, J.

The judgment in this action, *inter alia,* awarded defendant wife exclusive possession of and title to the building owned by the parties. Plaintiff husband thereafter remained in possession of certain apartments, and defendant moved for an order, *inter alia,* setting reasonable use and occupancy for those apartments, requiring plaintiff to file an undertaking to secure against waste and imposing sanctions upon plaintiff for engaging in frivolous conduct. In our view, defendant presented evidence sufficient to enable the court properly to determine the reasonable amount of use and occupancy and we accordingly affirm that aspect of the IAS Court's order as well as the requirement of filing a bond. By failing, however, to make any express disposition of that part of defendant's motion which sought the imposition of sanctions for frivolous conduct (22 NYCRR part 130) based on plaintiff's false testimony at trial as to a material issue, the court, in effect, denied the motion. We modify to grant this aspect of the motion.

At trial, plaintiff testified that he had no financial interest in certain real estate in Pennsylvania and that he "never contributed anything to the purchase price of that property" and "had nothing to do with the ownership" of same. This was an important issue at trial on the question of who should be awarded title to and/or possession of the New York City building jointly owned by the parties. Plaintiff had claimed that he had nowhere else in which to reside or pursue his profession as a sculptor. Plaintiff's trial testimony regarding the Pennsylvania property was reiterated in an affidavit submitted in support of his posttrial motion to vacate the trial court's decision awarding, as noted, title to and exclusive possession of the former marital home to defendant.

Shortly after giving his trial testimony and before executing

his posttrial affidavit, plaintiff commenced an action in Pennsylvania against Susanne Wibroe, alleging that he and Ms. Wibroe had agreed to purchase jointly the Pennsylvania property for the purpose of residing there together and pursuing their careers as sculptors and that he had contributed at least $5,000 to the purchase. He also alleged that he had provided funds and his own labor for substantial renovations to the property, including the main barn, which he and Ms. Wibroe agreed would be used as his sculpture studio. The complaint also alleged that Ms. Wibroe, fearful that plaintiff's then wife, defendant herein, might have been able to assert rights against the property in the pending matrimonial litigation between the parties, "requested that she alone execute the agreement of sale as purchaser." Plaintiff annexed to the complaint in that action a cotenancy agreement, dated just months before he gave his trial testimony herein, between himself and Ms. Wibroe with respect to those premises.

In seeking sanctions, defendant argued, without contradiction, that plaintiff's testimony and affidavit were false. The harm to defendant from the tender of such false evidence is, of course, manifest. She was required to incur legal expenses to oppose plaintiff's position at trial as well as his posttrial claim that he had no residence or sculpting facilities in Pennsylvania and, thus, that he, rather than defendant, should be awarded title to or at least exclusive possession of the parties' New York premises. This issue was an equally important one in the posttrial motion, plaintiff asserting that the IAS Court had no basis whatever for its finding that he had the use of the Pennsylvania premises for the pursuit of his sculpting. A substantial effort on the part of defendant's counsel was required to discover the existence of the Pennsylvania lawsuit, which belied plaintiff's claims in this lawsuit.

22 NYCRR 130-1.1 (a) authorizes the award of costs and the imposition of sanctions for "frivolous conduct," which, under subdivision (c) (1) is defined as, *inter alia,* conduct "completely without merit in * * * fact". Costs are awarded in reimbursement of actual expenses reasonably incurred and reasonable attorneys' fees resulting from the frivolous conduct. (22 NYCRR 130-1.1 [a]; *Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 32, *lv denied in part and dismissed in part* 80 NY2d 1005.) Sanctions are payable to either the Clients' Security Fund (sanctions imposed on an attorney) or to the clerk of the court for transmittal to the State Commissioner of Taxation and

Finance (sanctions imposed on a party who is not an attorney). (22 NYCRR 130-1.3.)

Nothing could more aptly be described as conduct "completely without merit in * * * fact" than the giving of sworn testimony or providing an affidavit, knowing the same to be false, on a material issue. Since this is a matter for costs, not sanctions, the matter should be remanded for a hearing to determine the expense of defending against plaintiff's false claims with respect to the Pennsylvania property.

Accordingly, the order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about October 2, 1992, which, *inter alia,* required plaintiff to file a bond retroactive to January 1, 1992 to secure against waste, set use and occupancy for plaintiff's basement apartment and apartments 2S, 1S and 1N at $3,500 per month and, *sub silentio,* denied defendant's motion for sanctions against plaintiff, should be modified, on the law and on the facts and in the exercise of discretion, to the extent of granting defendant's motion for sanctions, remanding the matter for a hearing on the amount of costs to be awarded and, except as thus modified, affirmed, without costs or disbursements.

MURPHY, P. J., ROSENBERGER, ROSS and RUBIN, JJ., concur.

Order, Supreme Court, New York County, entered on or about October 2, 1992, modified, on the law and on the facts and in the exercise of discretion, to the extent of granting defendant's motion for sanctions, remanding the matter for a hearing on the amount of costs to be awarded and, except as thus modified, affirmed, without costs or disbursements.