■ PATTI BIRCH, Respondent, v JOSEPH P. CARROLL et al., Appellants. [620 NYS2d 56] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about April 13, 1994, as amended by an order of the same court and Justice entered on or about that same date, which, after nonjury trial, granted the cross-motion by the plaintiff seeking to compel the defendants to comply with the parties' settlement agreement, dated June 22, 1992, denied the defendants' motion seeking to compel the plaintiff's compliance therewith, and which assessed costs of $10,000 as against defendant Carroll, unanimously affirmed, with costs.

" 'On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses' " *(Thoreson v Penthouse Intl.,* 179 AD2d 29, 31, *affd* 80 NY2d 490, quoting *Claridge Gardens v Menotti,* 160 AD2d 544, 544-545), since credibility is best determined by the trier of fact who has the advantage of observing the witnesses *(Ausch v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 43, 49, *lv denied* 70 NY2d 610).

The trial court's finding herein, based primarily upon consideration of the witnesses' credibility, that under the terms of the parties' settlement agreement, defendants were obligated to deliver to the plaintiff a 1984 watercolor on paper, entitled *Interno di Catedrals,* which was given by the artist Zoran Music to the plaintiff as a gift and thereafter loaned by the plaintiff to defendant Carroll in Paris in late May or early June of 1990, was not against the weight of the credible evidence.

The testimony and documentary evidence adduced at trial established that the defendant did not return the 1984 art work loaned to him by the plaintiff, as required by the parties' settlement agreement, but attempted to palm off a 1986 work of lesser value while retaining the earlier work, thereby attempting to perpetrate a fraud upon the plaintiff and the court itself.

Equally lacking in merit is defendants' contention that the trial court, in reopening the record to receive the testimony of Claude Bernard Haim, violated a mandate of this Court that the trial court render a decision based solely upon the evidence which had already been adduced, set forth in *Matter of Carroll v Gammerman* (193 AD2d 202).

Nor did the IAS Court, after weighing all the evidence, err in awarding $10,000 in costs to the plaintiff pursuant to 22 NYCRR part 130, based upon the court's determination that the defendants' fraudulent scheme and false testimony had resulted in substantial expense to the plaintiff and delay in the parties' performance under the settlement agreement since the defendants were provided with notice that such a penalty would be considered and were afforded a reasonable opportunity to be heard *(see, Sanders v Copley,* 194 AD2d 85; *Giblin v Anesthesiology Assocs.,* 171 AD2d 839).

We have reviewed the defendants' remaining claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.