OPINION OF THE COURT
David Goldstein, J.
This is a motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (7), which had been converted to a motion for summary judgment by appropriate notice to the parties. The motion was restored to the calendar, with both afforded an opportunity to submit proof to be considered on a motion for summary judgment, including affidavits of the parties and proper medical proof to demonstrate that the facts here give rise to an independent cause of action for an intentional tort, separate and apart from the relief sought in the matrimonial action. The allegations on the original motion were so vague that it could not be ascertained whether there was a real injury here, caused by the defendant, so as to distinguish this case from the countless marital actions where there are allegations of cruelty or physical abuse.
The parties were married in Cuba in 1952. Plaintiff and defendant are 73 and 68 years of age, respectively. They are currently embroiled in a matrimonial action after some 46 years of marriage, which, in large part, is based upon the very same acts and allegations as in this action to recover for “physical, mental and emotional disability, mental pain and anguish.” The instant complaint alleges that, on July 1, 1996, “the defendant assaulted and battered the plaintiff,” the same allegation as in the marital litigation, where paragraph “ninth” of the complaint charges defendant with “repeatedly battering her with a broom and yelling obscenities at her.” The marital action was instituted only 2V2 weeks after the July 1, 1996 dispute.
In moving to dismiss, defendant claims that the tort action is being used as a “club”, to improperly gain an advantage in the matrimonial action. As a result, the motion also seeks counsel fees, pursuant to CPLR 8303-a, for what is referred to as a “blatant abuse of the judicial process.” In the prior order, issued January 5, 1998, the parties were advised that, if it was found that the tort action was brought to provide leverage to achieve a more favorable disposition of the marital action, the court would consider the imposition of sanctions, both as to plaintiff and counsel.
*849 According to defendant, on July 1, 1996, after an argument as to renovations to a house in Elmhurst, referred to as their retirement home, defendant left to take a walk, whereupon plaintiff took a broomstick and hit him on the head. When he took the stick away from her, she took another and struck him on the back. Following the encounter, plaintiff complained of swelling on the hand. Defendant also claims that she threw the dinner plates (and the food) at him. The police responded, but the police report, signed by plaintiff and curiously relied upon by her, records only “a verbal dispute,” with no weapons used, no injuries to either party, no hospitalization and no arrest. The report describes the offense or incident as “Verbal”.
In opposing the original motion, plaintiff relied upon the affirmation of counsel and exhibits, which did not demonstrate that there was any injury which resulted from the claimed assault. The cervical CAT scan on June 10, 1996, two weeks prior to the incident, found posterior osteophytes with ridging at C5-6 and C6-7, a straightening of the cervical curvature and degenerative changes, but no evidence of a disc herniation, although it was recommended that an MRI be done. The papers do not disclose why the CAT scan was performed. An MRI was done on October 22, 1996, three months and three weeks after the incident, which found disc herniations at C3-4, C4-5, C5-6 and C6-7, most of which impressed on the thecal sac. The report, which refers to the appearance of these as “degenerative changes throughout the cervical spine,” does not ascribe a cause to any of the findings other than degenerative in nature. No medical affidavit was offered as to the cause of any condition disclosed by the MRI.
As noted, based upon the inadequacies in the original papers in demonstrating a viable claim for relief in the tort action, the parties were afforded an opportunity to submit additional proof in the form of affidavits which could be considered on motion for summary judgment.
In apparent disregard of the admonition, plaintiff has failed to submit any proof, medical or otherwise, to demonstrate the existence of a cognizable claim, separate and apart from the marital litigation, or that she sustained a real injury as a result of any assault or attack. Plaintiffs affidavit is palpably deficient in failing to set forth any facts. She does not even state that she was assaulted, nor what transpired on the date in question. All she does is dispute her husband’s claim that her current condition resulted from a 1969 spinal injury, which he states enabled her to collect disability payments. The affirma *850 tion of her attorney, who is without requisite knowledge of the facts, has no probative value. (Smith v Johnson Prods. Co., 95 AD2d 675, 676; Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 31, affd 49 NY2d 924; Bank Leumi Trust Co. v Collins Sales Serv., 65 AD2d 735, affd 47 NY2d 888.)
Equally deficient is the medical proof tendered by plaintiff. As noted, no medical affidavit or affirmation, in proper form, has been submitted, as had been directed. Copies of prior reports which do not address the specific issues here are inadequate. The 1971 report of Dr. Posniak, which had been prepared for Travelers Insurance Company, relating to the 1969 injury sustained while plaintiff was employed at Barricini’s, proves nothing. It does, however, confirm a cervical injury 29 years ago, for which plaintiff received disability compensation benefits. The Emergency Department form from Syosset Community Hospital, dated July 2, 1996, contains no finding or diagnosis and only reports that plaintiff was given an ace bandage (obviously not for the cervical spine) and advised to take tylenol/advil as needed and to follow up with her own doctor. These hardly have any bearing upon whether plaintiff sustained a real injury so as to permit her to maintain this action.
The same holds true with respect to the copies of the affirmations from Dr. Leone and Dr. Quintana, a psychiatrist. As copies, they are without probative value. In any event, neither contains a medical opinion as to causation, as is required. While the copy of the affirmation of Dr. Quintana reports that psychiatric care had been rendered since April 25, 1997, almost 10 months after the incident, it does not contain any opinion that, with a degree of medical certainty, plaintiff suffers from a psychiatric condition causally related to the July 1, 1996 incident. Thus, even assuming that they are proper in form, which they are not, neither confirms an injury caused by the incident, so as to preclude summary judgment relief on this record.
The law is well settled that a party appearing in opposition to a motion for summary judgment must assemble and lay bare affirmative proof to demonstrate the existence of a genuine triable issue of fact. (See, Zuckerman v City of New York, 49 NY2d 557, 562; Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290.) A bona fide triable issue must be established (Two Clinton Sq. Corp. v Gorin Stores, 51 *851 AD2d 643) and reliance upon mere suspicion, surmise or conclusory allegations is insufficient. (Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338; Kornfeld v NRX Technologies, 93 AD2d 772, affd 62 NY2d 686; Chase Manhattan Bank v Kahn, 66 AD2d 704.) The issue must be shown to be real, not feigned, since a sham or frivolous issue will not preclude summary relief. (Sprung v Jaffe, 3 NY2d 539, 543; Kornfeld v NRX Technologies, supra, at 773.)
It has been generally recognized that public policy considerations do not permit a separate recovery for tortious acts which arise out of a marital dispute. (Weicker v Weicker, 22 NY2d 8; Wiener v Wiener, 84 AD2d 814; Reich v Reich, NYLJ, Jan. 14, 1997, at 29, col 5; see also, Sanders v Rosen, 159 Misc 2d 563, 573.) In such case, the appropriate remedy is that available in the matrimonial action.
Thus, in Wiener v Wiener (supra), the wife sought to proceed against the husband to recover for intentional infliction of emotional harm, based upon what the Second Department referred to as “garden-variety disputes best resolved by bringing an action under the Domestic Relations Law or Family Court Act.” (84 AD2d, at 815.) In directing dismissal of the action, the Court held that, in the absence of physical conduct or direct physical injury, no cognizable cause of action exists, unless the acts amounted to conduct “beyond all reasonable bounds of decency” (see, Halio v Lurie, 15 AD2d 62, 67).
Plainly, there are strong public policy considerations which apply to preclude separate actions to recover for disputes which arise out of marital differences. Imagine what might occur if routine matrimonial actions, most with allegations of cruelty and abuse, were permitted to escalate into independent tort actions to recover for intentional infliction of emotional or mental distress. Granted, the law must afford a remedy to one who sustains an injury at the hands of another, whether by a spouse or some other party. However, to permit this litigation to proceed on the flimsy and palpably inadequate record in this case, with no medical proof to substantiate that there was an actual injury, causally related to any act by the defendant, could open the floodgates of litigation to every marital party with unsubstantiated claims of cruel and inhuman treatment, or mental abuse. This is especially so where, as here, no proof has been adduced in admissible form that the acts complained of resulted in some real, provable injury.
In the absence of such proof, the conclusion is inescapable that this action was commenced and continued solely as a de *852 vice for leverage or to gain some advantage in negotiations in the pending matrimonial action, while the action does involve a claim of physical contact, it is clear that, in the absence of some provable injury, no cognizable claim exists.
Plaintiff in this case has been afforded several opportunities to present some proof of an injury, causally related to the claimed assault. Even after the case was restored to the motion calendar for that purpose, it was adjourned for an additional week, with counsel advised on the call of the calendar that his submission was inadequate as to necessary medical substantiation. Nevertheless, one week later, plaintiff submitted the very same memorandum of law and exhibits, with no “medical affidavits and proof as to the injuries sustained, causation, treatment and prognosis,” as had been directed by the prior order. And, although counsel was advised that the court would consider the applicability of sanctions and to discuss the matter with his client, on the adjourned date, he reported that his client was adamant and, when he left the robing room he commented to the clerk that, while, a few years ago, the prospect of a $10,000 sanction might have had some impact upon him, today, his practice was relatively successful.
Aside from counsel’s attitude, which is less than one would expect from a member of our profession, in my view, this action is so devoid of any semblance of merit as to warrant an award of costs and the imposition of sanctions. 22 NYCRR 130-1.1 authorizes the imposition of sanctions for “frivolous conduct”, which is defined under subdivision (c) (1), (2) and (3) as that which is “completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;” or, “is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another;” or, “asserts material factual statements that are false.” In such case, costs should be awarded “in reimbursement of actual expenses reasonably incurred and reasonable attorneys’ fees resulting from the frivolous conduct.” (Sanders v Copley, 194 AD2d 85, 87; see also, Pahl Equip. Corp. v Kassis, 182 AD2d 22, 32, lv denied and dismissed 80 NY2d 1005; 22 NYCRR 130-1.1 [a].)
In determining whether or not the conduct is frivolous, so as to justify the imposition of sanctions, it is relevant to consider whether it “was continued when its lack of legal or factual basis was apparent or should have been apparent to counsel.” (22 NYCRR 130-1.1 [c]; see also, Santangelo v Goldman Sachs & Co., 169 AD2d 692.) In the event sanctions are imposed, *853 they are payable either to the Lawyers’ Fund for Client Protection (sanction imposed upon an attorney) or to the clerk of the court for transmittal to the Commissioner of Taxation and Finance (sanction imposed upon a party who is not an attorney) (22 NYCRR 130-1.3).
In the past, this court has commented on the inadvisability of indiscriminate resort to the imposition of sanctions, which should be exercised most sparingly: “The rule with respect to sanctions should not be applied indiscriminately, without regard to equitable notions and concepts. All of the underlying circumstances, including that of the parties, must be examined with regard to the propriety of the requested imposition. To hold otherwise would unwisely and improperly cause the rule of law to be emasculated by the sanctions rule, which should be sparingly exercised in those critical situations where such relief is both necessary and appropriate.” (Brucker v Jaitor Apts. Co., 147 Misc 2d 796, 803.)
Notwithstanding the foregoing, the circumstances of this case not only justify but mandate that severe sanctions be imposed. The absence of any medical proof to substantiate a causal relationship between the injury and the alleged acts impels the conclusion that this action was brought solely to impact upon the matrimonial action and to provide some degree of leverage in any negotiations. This, in my view, is an abuse and misuse of the judicial process. The conclusion follows from the absence of critical evidence, necessary to establish a prima facie case. As noted, plaintiff was afforded several opportunities to submit substantiating medical proof, but refused or failed to do. Even after the motion had been fully submitted, one week later, counsel sought to improperly submit additional papers, which were not considered and which do not correct the inadequacy in the submission in any event. While these papers did contain plaintiff’s account of what had occurred, again, there was no medical proof to substantiate the causal relationship to the claimed injury. Although counsel was told that, without such proof, no cognizable claim existed, the persistence in refusing to submit medical proof only re-enforces the finding as to the impropriety underlying the commencement and continuation of this action. In addition, each time the court attempted to discuss the tort action, plaintiff’s attorney reported as to the ongoing efforts to resolve the matrimonial action, which further emphasizes the relationship between the two and the impact which this action was expected to have on the marital proceeding.
*854 Upon the foregoing, the motion to dismiss, converted to a motion for summary judgment, is granted in all respects and the complaint is dismissed. In accordance with the applicable provisions contained in 22 NYCRR 130-1.1, sanctions are hereby imposed, (1) upon the plaintiff, Esther Vasquez, in the sum of $5,000, which shall be deposited with the clerk of the court within 10 days from the date of this order, for transmittal to the Commissioner of Taxation and Finance, and (2) upon Cheda & Sheehan, Esqs., attorneys for plaintiff, in the sum of $10,000, which shall be deposited by counsel with the Lawyers’ Fund for Client Protection, also within 10 days after this order. In my view, the circumstances of the case warrant imposition upon counsel of the full sanction authorized by law. The initiation and continuance of this action, with obvious ulterior and, in my view, improper motives, is a misuse and abuse of the judicial system. While the decision to continue or discontinue an action is clearly that of the party, counsel, as an officer of the court and consistent with ethical considerations, had an obligation to advise the client as to what was proper and improper. It is palpably clear that this obligation was neglected in this case.
Although it also appears that the case warrants a further award of costs, including counsel fees, for the defense of this action, on this record, it cannot be ascertained the amount of time and effort expended by defendant and his attorneys in defense of this frivolous action. For this purpose, the parties and counsel shall appear before the court at the General Courthouse, located at 88-11 Sutphin Boulevard, Jamaica, New York 11435, at Part 14 thereof, courtroom 24, on March 10, 1998, at 10:00 a.m., for a hearing on the issue as to reasonable costs, including reimbursement of actual expenses and reasonable attorneys’ fees resulting from the frivolous conduct.