Continental Indus. Group, Inc. v Ustuntas (2023 NY Slip Op 01837)

Continental Indus. Group, Inc. v Ustuntas

2023 NY Slip Op 01837

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J, Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 653215/12 Appeal No. 17667 Case No. 2022-02394 

[*1]Continental Industries Group, Inc., Plaintiff-Appellant,
v
Hakan Ustuntas et al., Defendants-Respondents.

Offit Kurman, P.A., New York (Stephen M. Forte of counsel), for appellant.
Dunning Rievman & MacDonald LLP, New York (Petek Gunay Balatsas of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered May 8, 2022, which awarded defendants $25,895.10 in attorneys' fees and costs, and sanctioned plaintiff in the amount of $10,000, to be deposited with the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance, in accordance with 22 NYCRR 130-1.3, for the Lawyers' Fund for Client Protection, unanimously modified, on the law, to delete the provision directing that the $10,000 be deposited for the Lawyers' Fund for Client Protection, and otherwise affirmed, without costs.
On a prior appeal, this Court affirmed the motion court's grant of defendants' motion for discovery sanctions and attorneys' fees and costs (see 173 AD3d 419 [1st Dept 2019]). The court providently exercised its discretion in setting the amount of attorneys' fees and costs to be awarded (see Hernandez v Kaisman, 139 AD3d 406, 407 [1st Dept 2016]). The court properly applied an hourly rate of $350 based on its knowledge of comparable rates charged by private firms appearing before the Commercial Division in New York County (see Miele v New York State Teamsters Conference Pension & Retirement Fund, 831 F2d 407, 409 [2d Cir 1987]), and reasonably determined that defense counsel expended 25 hours of billable time in drafting the underlying sanctions motion and in investigating plaintiff's subsequent claims that its server had failed and been discarded. It was also within the court's broad discretion to award additional attorneys' fees incurred in securing plaintiff's compliance with the June 2018 order directing the production of the server for inspection by a neutral expert.
The court also providently exercised its discretion in directing plaintiff to pay a sanction of $10,000 pursuant to 22 NYCRR 130-1.3 for frivolous conduct (see Matter of Grayson v New York City Dept. of Parks & Recreation, 99 AD3d 418, 419 [1st Dept 2012]). Plaintiff, among other things, repeatedly represented to defendants and the court that it could not produce the requested discovery because its server had died and been discarded, even though the server was in its possession the entire time, and subsequently refused to make it available for inspection despite the court's directive that it do so. However, because plaintiff is not an attorney, we modify the order to the extent of deleting the provision directing that the sanctions be deposited for the Lawyers' Fund (see 22 NYCRR 130-1.3; Sanders v Copley, 194 AD2d 85, 87-88 [1st Dept 1993]).
Defendants' request to increase the amount of fees awarded to them is not properly before this Court because they did not file a notice of cross-appeal (see Kerns v Ishida, 208 AD3d 1102, 1103 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023