SCIENTIFIC MANAGEMENT INSTITUTE, INC., Appellant, v. RAYMOND MIRRER, Respondent.— In an action to enjoin defendant from soliciting or accepting employment until September 1, 1967 from plaintiff's clients and to recover damages resulting from a breach of a restrictive covenant in the employment contract between defendant and plaintiff, the latter appeals from a judgment of the Supreme Court, Nassau County, dated April 12, 1966, *inter alia* dismissing the complaint and vacating a preliminary injunction. Judgment reversed, on the law and facts, with costs; judgment directed to be entered (1) granting plaintiff a permanent injunction restraining defendant from soliciting, or accepting, employment from Automation Components, Inc., until September 1, 1967, and (2) in favor of plaintiff against defendant for damages sustained by plaintiff, if any; and action remitted to the trial court for determination of said issue of damages and for entry of judgment in accordance herewith. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. The employment contract between the parties provided that for a period of two years from the date of termination of the employment defendant would not accept employment from anyone who during the life of the contract was, or within two years prior to the making of the contract had been, a client of plaintiff. Defendant accepted employment from Automation, a client of plaintiff, within a short time after he terminated his employment with plaintiff. Automation had previously terminated a service contract with plaintiff; and defendant had been employed by plaintiff in the performance of that contract. In our view, the restrictive covenant prevented defendant from working for Automation, and plaintiff is entitled to injunctive relief enforcing the covenant with respect to defendant's employment by Automation. There is no showing that defendant has violated, or has threatened to violate, the covenant with respect to any other client or former client of plaintiff; and we accordingly confine the relief granted to defendant's employment by Automation. If in the future defendant shall violate the covenant in any other manner, plaintiff may apply for appropriate relief at the foot of the judgment. We do not find, as urged by defendant, that the employment contract lacked mutuality of obligation. Plaintiff was under a duty to use its best efforts to provide defendant with

work and not to refuse unreasonably to consent to other employment of defendant in the event that plaintiff had no work to assign to him (*Wood v. Duff-Gordon,* 222 N. Y. 88; *Mandel* v. *Liebman,* 303 N. Y. 88; 4 Williston, Contracts [rev. ed.], § 1015, pp. 2796–2798). Nor did the right of cancellation of the employment contract by plaintiff render the contract illusory; defendant had a corresponding right of cancellation and the mutual rights were consideration for one another. In any event, the substantial performance of the contract by the parties erased the defenses of lack of mutuality and consideration (*National Gum & Mica Co.* v. *Braendly,* 27 App. Div. 219, 223; *Barnard Bakeshops* v. *Dirig,* 173 Misc. 862, 865; 1 Williston, Contracts [3d ed.], § 49, pp. 158–161). We think, under the circumstances of this case, that the enforcement of the covenant, to the extent indicated, is necessary for the protection of plaintiff's business. As a management consultant, offering services of a specialized character to business concerns, plaintiff necessarily obtains confidential information concerning its clients and it should be afforded the right of enforcing the agreement with its employees in protecting that information. Though an employee's restrictive covenant is construed strictly (*Purchasing Assoc.* v. *Weitz,* 13 N Y 2d 267, 271–273), it should not be entirely ignored (5 Williston, Contracts [rev. ed.], § 1643, p. 4608; cf. *Strobe* v. *Netherland Co.,* 245 App. Div. 573; see, note, The Enforcibility of a Promise Not to Compete After an Employment at Will, 29 Col. L. Rev. 347). Defendant advanced his own interests in accepting employment from Automation, which would not have known defendant except through plaintiff; and in our opinion defendant's conduct constituted a subversion of the covenant and unfair tactics which should not be condoned. As the trial court did not consider the issue of damages, we remit that issue for determination. Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Rabin and Benjamin, JJ., dissent and vote to affirm the judgment.