■ Louis C. Fieland, Individually and on Behalf of All Other Holders of Chase Manhattan Mortgage and Realty Trust, Similarly Situated, Appellant, v Chase Manhattan Mortgage and Realty Trust, Respondent, et al., Defendants, and Fidelity Union Trust Company, Intervenor-Respondent.—Order, Supreme Court, New York County, entered September 27, 1978, which, inter alia, denied plaintiff's motion for summary judgment; denied consolidation; granted Fidelity's motion to intervene and for summary judgment in its favor on behalf of all noteholders, unanimously affirmed, with one bill of costs. Chase Manhattan Mortgage and Realty Trust (CMART) had defaulted in payment of over $38 million in its 7⅞% notes due May 1, 1978. The notes were issued pursuant to a trust indenture which provided, inter alia, that in the event of a default a specifically named trustee or its successor was empowered to take any action necessary to recover overdue principal and interest on behalf of the noteholders. After the default five separate actions were instituted in Supreme Court, New York County. One of those actions was commenced by the successor trustee, Fidelity Union Trust Company. Louis C. Fieland instituted the present suit seeking class-action status to recover money on behalf of all noteholders. Fidelity sought to intervene in order to oppose the grant of class-action status to Fieland. CMART did not raise any substantive defenses. Special Term was faced with motions by both Fieland and Fidelity for summary judgment in lieu of complaint in their favor against CMART; a motion by Fidelity to intervene in the Fieland action; and a motion by CMART to consolidate the actions pending against it. Special Term granted Fidelity's motion to intervene, as well as its motion for summary judgment; the other actions against CMART were dismissed. We would affirm. Clearly, Fidelity was authorized to act on behalf of all noteholders. Any class action instituted by individual noteholders would be supererogatory, and therefore the other actions against CMART were properly dismissed. Similarly, we agree with Special Term that Fidelity's bringing of this lawsuit on behalf of noteholders does not mean that it is doing business in New York State within the intendment of section 1312 of the Business Corporation Law. The purpose of that section is to regulate foreign corporations "doing business" within New York State and not to enable avoidance of a contractual obligation (Von Arx, AG. v Breitenstein, 41 NY2d 958, 960). Concur—Fein, J. P., Sandler, Sullivan and Lane, JJ.