■ JON SYLLMAN, Appellant, v CALLEO DEVELOPMENT CORP. et al., Respondents. [736 NYS2d 318] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered November 15, 2000, as amended by order (same court and Justice) entered January 9, 2001, which granted defendants' prejoinder motion to dismiss the 15th, 16th and 17th causes of action, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of granting plaintiff leave to replead the 15th cause of action as to defendants Calleo Development Corp. and Gino Calleo and, except as so modified, affirmed, without costs.

Plaintiff architect brought this action for funds alleged to be owed to him for services rendered to defendant Calleo Development Corp. and to its various affiliates and for finder's fees. In addition to claims predicated upon breach of contract, plaintiff alleges, in his 15th cause of action, that the corporation fraudulently misrepresented its capabilities to plaintiff and that he entered into a working relationship with the corporation and secured construction projects for it in reliance upon those representations. Plaintiff's 16th and 17th causes of action allege that the corporation diverted funds to avoid its obligations to subcontractors and suppliers under the Lien Law and to defraud its creditors, particularly plaintiff, by effecting transfers to its affiliated companies, also named as defendants.

Prior to joinder of issue, defendants moved to dismiss the complaint pursuant to CPLR 3211. Supreme Court granted the motion as to Calleo Development's affiliates on the ground that these entities had no contractual relationship with plaintiff.

The court added, "Action against Calleo is not dismissed," directing the corporation to answer the complaint within 20 days.

On appeal, plaintiff challenges only the dismissal of the 15th, 16th and 17th causes of action asserted against Calleo Development Corp. and its principal, Gino Calleo. These defendants contend that the causes of action fail to state, with sufficient particularity to withstand a motion to dismiss (CPLR 3016 [b]), the statements alleged to be fraudulent or the transfers of funds alleged to be illegal.

We agree that the complaint lacks the requisite specificity with respect to the claimed fraudulent transfer of funds. Notably, plaintiff does not identify any particular transaction that he seeks to avoid; nor does he identify any transaction alleged to be fraudulent, merely alleging that, by reason of certain unspecified transfers, he has been damaged in the amount of $1,000,000 (cf., Wall St. Assoc. v Brodsky, 257 AD2d 526, 528-529). Plaintiff fails to state any basis for his claim of damages, such as transfers resulting in defendants becoming judgment proof (supra, at 527-528).

All three causes of action suffer from the same infirmity, observed with some regularity by this Court and by the Court of Appeals. "Merely charging a breach of a 'duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390). To proceed on a tort theory, the plaintiff must demonstrate the breach of a "legal duty independent of the contract" which arises "from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (supra, at 389; see also, McMahan & Co. v Bass, 250 AD2d 460, 462, lv denied and dismissed 92 NY2d 1013; Non-Linear Trading Co. v Braddis Assoc., 243 AD2d 107; Metropolitan Life Ins. Co. v Noble Lowndes Intl., 192 AD2d 83, affd 84 NY2d 430).

Plaintiff's 15th cause of action alleges that he was induced to enter into a contractual relationship with defendant Calleo Development Corp. because its principal, Gino Calleo, misrepresented the corporation's qualifications and its ability to perform necessary "services in a responsible and professional manner so as to meet project budgets and so as to make all required payments to Calleo Development's subcontractors, materialmen, independent contractors and other creditors." It asserts that Calleo's failure to perform competently resulted in termination of certain projects and the withholding of pay-

ments due from other owners in connection with other projects. As a consequence, it asserts that the corporation "was unable to pay its subcontractors, materialmen, independent contractors and other creditors on such projects." It concludes that plaintiff has therefore "been damaged in an amount to be determined at trial" but in no event less than $1,000,000.

It is not clear that the alleged "fraud" is any more than a restatement of plaintiff's claim for contract damages. Nor has it been shown that the asserted misrepresentations constitute anything more than the implicit reciprocal obligation imposed on defendant to apply "good faith best efforts" to achieve the purpose of the contract (*Wood v Duff-Gordon*, 222 NY 88; *Scientific Mgt. Inst. v Mirrer*, 27 AD2d 845, 845-846). While a condition to plaintiff's own obligation to perform, the "best efforts" requirement provides no ground for affirmative relief unless it has been made the basis of "an independent promise to perform the condition" (*Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 113).

Plaintiff concedes that this cause of action is poorly drafted and notes that leave to replead was sought in the event Supreme Court granted defendants' motion to dismiss. While we are far from convinced of the merit of the fraud claim, at this early stage of the proceedings, we are inclined to afford plaintiff the opportunity to remedy the infirmities in this cause of action. Concur—Nardelli, J.P., Sullivan, Ellerin, Rubin and Friedman, JJ.