■ NORMAN NICK et al., Respondents, v MARVIN GREENFIELD et al., Appellants, et al., Defendants. [753 NYS2d 45] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 21, 2001, which, upon reargument, adhered to its previous determination which, insofar as appealed from, denied defendant-appellants' motion to dismiss (1) the fifth cause of action for breach of fiduciary duty, (2) the claims of certain of the plaintiff entities as being barred by the statute of limitations, and (3) the claims of certain of the plaintiff entities for their alleged lack of legal capacity to sue, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 20, 2001, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

Defendants submitted insufficient evidence to establish that plaintiffs Mast Realty Associates of Atlanta and Mast Realty Associates of Mississippi were dissolved six years prior to the commencement of the instant action. Accordingly, defendants did not meet their burden on this CPLR 3211 motion of

establishing that the claims of these entities are barred by the statute of limitations.

Furthermore, since defendants were officers, directors and/or shareholders of the Mast corporations, plaintiffs contend that a fiduciary relationship exists, and that the doctrine of equitable estoppel, which bars a defendant from asserting the affirmative defense of the statute of limitations where it is the defendant's affirmative wrongdoing which produced the delay between the accrual of the cause of action and the institution of the legal proceeding, is applicable (*see Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, *affd* 67 NY2d 981). On a motion made pursuant to CPLR 3211, the allegations in a complaint are taken as true and all inferences which flow reasonably therefrom are resolved in favor of the pleader (*see Cron v Hargro Fabrics*, 91 NY2d 362, 366). Under these principles, we find that plaintiffs have set forth sufficient factual allegations of defendants' acts of deception to raise a triable issue of fact as to whether the doctrine of equitable estoppel should apply to toll the statute of limitations (*see Dymm v Cahill*, 730 F Supp 1245, 1256).

Plaintiffs' fifth cause of action sufficiently stated a claim for breach of fiduciary duty (*see Shearson Lehman Bros. v Bagley*, 205 AD2d 467).

Defendants did not establish their entitlement to dismissal pursuant to Business Corporation Law § 1312 (a), which bars suits by foreign corporations that do business in New York without authorization, of the actions brought by plaintiffs Mast Investors, Ltd., Mast Group, Inc. and Ashley Investors, Inc. Defendants have failed to demonstrate that these corporations' activities are so systematic and regular as to manifest continuity of activity in New York, and have failed to rebut the presumption that these entities are doing business where they were incorporated and not in New York (*see Airline Exch. v Bag*, 266 AD2d 414). Concur—Tom, J.P., Rosenberger, Friedman and Gonzalez, JJ.