GREGORY V. SERIO, Superintendent of Insurance of the State of New York, as Rehabilitator of FRONTIER INSURANCE COMPANY, Respondent, v HARRY W. RHULEN et al., Appellants, et al., Defendants. [806 NYS2d 283]—

Mugglin, J. Appeal from an order of the Supreme Court (Clemente, J.), entered August 16, 2004 in Sullivan County, which, inter alia, denied certain defendants' motions to dismiss the complaint.

Plaintiff, as rehabilitator of Frontier Insurance Company (hereinafter Frontier), commenced an action against 18 officers

and directors of Frontier alleging, among other things, breach of fiduciary duties, violations of Insurance Law articles 14 and 15, voidable transfers and diversion of funds. In two separate motions (one motion by 16 defendants and one by defendant Theodore Rupley), all defendants except defendant Linda Markovits moved to dismiss the complaint on various grounds, including failure to state a cause of action and failure to commence the action within the time permitted by the statute of limitations. Supreme Court denied the motions. Defendants[1] appeal and we affirm.

Frontier is a New York domiciled insurance carrier that is a subsidiary of Frontier Insurance Group (hereinafter Group). In August 2001, plaintiff initiated a proceeding to place Frontier into rehabilitation (*see* Insurance Law art 74), he was appointed a temporary receiver that same month and, in October 2001, was appointed rehabilitator. This action was commenced in December 2002 by the filing and service of a detailed, 46-page complaint, which alleges the factual background of each defendant, including that many have familial ties to each other and the majority held positions in both Frontier and Group. The complaint sets forth the slide into financial difficulties by Frontier in the 1990s, addressing areas such as the lack of experience of various defendants, the dual roles of defendants in both Frontier and Group that caused a lack of independence and disregard for the well-being of Frontier, the lack of monitoring and management oversight of Frontier's business practices, the lack of scrutiny of bonuses, the lack of oversight of investments, the failure to collect moneys owed to Frontier, inadequate staffing, conflicts of interest, self-dealing, voidable transfers and diversion of funds. Drawing on these allegations, plaintiff then specified seven separate causes of action, two of which have reportedly been discontinued and the remaining five of which are currently challenged by defendants.

Defendants argue that the first cause of action, which alleges breach of fiduciary duty, should have been dismissed for failing to state a cause of action. CPLR 3016 (b) requires the allegations in a complaint asserting a breach of trust be "stated in detail." Nevertheless, the basic test for sufficiency of a pleading still applies, requiring us to "[a]ssum[e] every fact alleged by plaintiff to be true, and liberally constru[e] the pleading in plaintiff's favor" (*Bazak Intl. Corp. v Mast Indus.*, 73 NY2d 113, 125 [1989]; *see Foley v D'Agostino*, 21 AD2d 60, 66-67 [1964]; Siegel, Practice Commentaries, McKinney's Cons Laws

---

1. Rupley did not participate in this appeal. All references herein to defendants are to the 16 defendants who are pursuing this appeal.

of NY, Book 7B, CPLR C3016:3, at 67; *see generally Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]). While defendants urge that the business judgment rule applies (*see generally Auerbach v Bennett*, 47 NY2d 619 [1979]), we find the complaint sufficient to survive a motion to dismiss regardless of whether the business judgment rule is applicable. Here, plaintiff's claim of breach of fiduciary duty was not merely a conclusory statement asserted in the complaint. Instead, the many contentions in the complaint included factual allegations of self-dealing and conflicts of interest, some of which assertedly enriched certain defendants personally at the expense of Frontier. Defendants' purported desire to know the specific allegations as to each defendant can be sought via a demand for a bill of particulars and disclosure. Indeed, disclosure will undoubtedly result in a refining of the action. The lack of exact specificity at this procedural juncture, however, is not a ground for dismissal (*see Bazak Intl. Corp. v Mast Indus., supra; Foley v D'Agostino, supra; see also EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19-22 [2005]).

Similarly, we are unpersuaded by defendants' assertion that the sixth cause of action, alleging voidable transfers, is insufficient to withstand a CPLR 3211 motion. Insurance Law § 7425 (a) provides, in pertinent part, that "[a]ny transfer of . . . the property of an insurer within twelve months prior to the granting of an order to show cause under [article 74] with the intent of giving to any creditor or enabling him to obtain a greater percentage of his debt than any other creditor of the same class and which is accepted by such creditor having reasonable cause to believe that such a preference will occur, shall be voidable." Regarding the issue of voidable transfers, plaintiff's complaint alleges, among other things, that "[i]n disregard of Frontier's deteriorated financial condition, with knowledge and intent on the part of defendants, and particularly on the part of those defendants who held positions with both Frontier and Group, defendants permitted or caused preferential payments to be made by Frontier to Group and other Group-controlled entities during the twelve-month period preceding the entry of the Order of Rehabilitation for Frontier and a finding of insolvency." Plaintiff further asserts that, while purporting to act under a service and expense allocation agreement between Frontier and Group, "Frontier frequently was charged through intercompany accounts and caused to make payments for 'services' purportedly rendered by Group or other related entities for which it received no benefit. For example, in or around March or April 2001, Frontier was caused to make a payment relating to expenses that previously had been allocated to a wholly-owned Group

entity called Frontier Managers. Frontier received no corresponding services or other benefit of equivalent value for this payment or other similar kinds of preferential payments." The complaint continues by alleging that, "[i]n addition, Frontier failed to receive reasonably equivalent value for numerous bonus, severance and consulting payments that Frontier was caused to make to senior executives, including certain defendants herein, and that left Frontier with unreasonably small capital." Details of some of these payments are then set forth. Under the liberal standard for assessing the sufficiency of a cause of action (see EBC I, Inc. v Goldman, Sachs & Co., supra at 19; Leon v Martinez, 84 NY2d 83, 87-88 [1994]), plaintiff's sixth cause of action is adequate and defendants' desire for more details can be pursued in discovery (see Pernet v Peabody Eng'g Corp., 20 AD2d 781, 782 [1964]; see generally Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3013:8, at 725-726).

Next, we address the contention that plaintiff's seventh cause of action, alleging diversion of funds, is merely an improper attempt to recast a breach of contract claim that plaintiff pursued in a separate action against Group into a tort claim against defendants.[2] The action against Group involves an alleged breach of a contract to which Group and Frontier were parties. Defendants were not parties to that contract and their purported liability is premised upon a different theory, i.e., that they diverted funds from Frontier to Group while serving as fiduciaries of Frontier. Since a breach of a legal duty independent from the contract is implicated, we are not persuaded that the seventh cause of action must be dismissed (see Sommer v Federal Signal Corp., 79 NY2d 540, 550-552 [1992]; North Shore Bottling Co. v Schmidt & Sons, 22 NY2d 171, 179-180 [1968]; Syllman v Calleo Dev. Corp., 290 AD2d 209, 210 [2002]).

Finally, we find no merit to defendants' argument that the first, fourth and fifth causes of action are time-barred. The applicable statute of limitations for a claim of a breach of fiduciary duty (first cause of action) is six years (see CPLR 213 [1]), and the complaint includes allegations of conduct by defendants occurring within six years prior to commencement of this action. As to the fourth and fifth causes of action (asserting violations of Insurance Law arts 14 and 15), even assuming those causes of action are governed by the shorter three-year statute of limitations (see CPLR 214 [2]; but see Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201 [2001] [explaining that merely because

---

2. This cause of action is asserted as to only four defendants: Mark Mishler, Suzanne Rhulen Loughlin, Harry Rhulen and Joseph Loughlin.

a statutory remedy is involved does not necessarily make CPLR 214 (2) applicable]), there are allegations in the complaint of relevant actions taking place within the pertinent time frame.

Crew III, J.P., Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.