■ ACNO-TEC LIMITED et al., Respondents, v WALL STREET SUITES, L.L.C., et al., Appellants. [806 NYS2d 551]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered August 4, 2005, which, upon the prior grant of plaintiffs' motion for summary judgment in lieu of complaint, awarded plaintiffs the total sum of $4,662,289.01, unanimously affirmed, with costs.

It is not disputed that defendants have defaulted in meeting their obligations under the sued-upon instruments for the payment of money only. Defendants' sole contention in opposition to the instruments' enforcement is rather that plaintiffs are without capacity to sue in this jurisdiction because they are foreign companies doing business in this state without authorization (*see* Business Corporation Law § 1312). However, defendant's evidence, relating exclusively to a single business transaction, was insufficient to raise a triable issue as to whether plaintiffs were, in fact, engaged in regular and systematic business activities in New York and thus "doing business" within the meaning of the statute (*see Fine Arts Enters. v Levy,* 149 AD2d 795 [1989]; *Alicanto, S. A. v Woolverton,* 129 AD2d 601 [1987]). It bears repetition that Business Corporation Law § 1312 exists "to regulate foreign corporations 'doing business' within New York State and not to enable avoidance of a contractual obligation" (*Fieland v Chase Manhattan Mtge. & Realty Trust,* 67 AD2d 888 [1979]). Concur—Tom, J.P., Friedman, Nardelli and Sweeny, JJ.