■ Palisades Tickets, Inc., Appellant, v Gerald Daffner, Respondent. [989 NYS2d 25]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 16, 2013, which granted defendant's motion to

dismiss the complaint sounding in fraud, fraudulent conceal-ment, and conspiracy on the ground that plaintiff lacked capac-ity to sue pursuant to Business Corporation Law § 1312 (a), unanimously modified, on the law and in the exercise of discre-tion, to grant plaintiff leave to replead, and otherwise affirmed, without costs.

Plaintiff Palisades Tickets, Inc. commenced this action against defendant Gerald Daffner, an attorney admitted to practice in New York State, alleging that he conspired with his clients, judgment debtors on an underlying judgment rendered in favor of plaintiff, to use his escrow accounts to conceal the debtors' assets so as to impede plaintiff from collecting on the judgment. While it is undisputed that plaintiff is a foreign corporation and is unauthorized to do business in New York State, defendant has not established entitlement to dismissal of the action pursu-ant to Business Corporation Law § 1312 (a), which bars suits by foreign corporations that do business in New York without au-thorization. Even if the underlying judgment arose from a busi-ness transaction with the judgment debtors, who are New York residents and corporations, evidence of a single transaction is insufficient to sustain defendant's burden of showing that the corporation engaged in "systematic and regular" business activities in this state (see Acno-Tec Ltd. v Wall St. Suites, L.L.C., 24 AD3d 392, 393 [1st Dept 2005]; Nick v Greenfield, 299 AD2d 172, 173 [1st Dept 2002]).

Defendant argues as an alternative ground for affirmance that the action is barred by the doctrine of collateral estoppel and that plaintiff failed to plead fraud with sufficient particular-ity. The action is not barred by collateral estoppel since the is-sue of whether defendant engaged in fraudulent conduct or other improprieties was not necessarily decided in the prior ac-tion (see Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). The complaint should nevertheless be dismissed to the extent it alleges fraud and fraudulent concealment since it does not al-lege that there was a misrepresentation or that any such mis-representation induced justifiable reliance by plaintiff (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]), nor does it allege that defendant owed a duty to disclose informa-tion to plaintiff (see P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V., 301 AD2d 373, 376 [1st Dept 2003]). Leave to replead is granted to the extent the complaint alleges that de-fendant knowingly assisted his clients' fraudulent concealment or conveyance of assets to allege with greater specificity the ele-ments of this cause of action (see Syllman v Calleo Dev. Corp., 290 AD2d 209 [1st Dept 2002]). Concur—Tom, J.P., Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.