■ G.P. Exports, Appellant, v Tribeca Design, Defendant, and Tribeca Design Ltd. et al., Respondents. [46 NYS3d 881]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 28, 2016, which, insofar as appealed from as limited by the brief, denied, without prejudice, that portion of defendants Tribeca Design Ltd. and Tribeca Design Showroom LLC's motion seeking to dismiss the complaint pursuant to Business Corporation Law § 1312 (a) and CPLR 3211 (a) (3) based upon lack of capacity to maintain the action, and directed plaintiff to comply with Business Corporation Law § 1312 (a),

unanimously reversed, on the law, without costs, and defendants' motion denied in its entirety.

Defendants failed to meet their burden of demonstrating that plaintiff was a foreign corporation and that its "activities [were] so systematic and regular as to manifest continuity of activity in New York" that it was required to comply with Business Corporation Law § 1312 (a) (*Nick v Greenfield*, 299 AD2d 172, 173 [1st Dept 2002]; *see Digital Ctr., S.L. v Apple Indus., Inc.*, 94 AD3d 571, 572 [1st Dept 2012]). Evidence of a single business transaction is insufficient to establish that a foreign corporation is doing business in the State within the meaning of the statute (*see Acno-Tec Ltd. v Wall St. Suites, L.L.C.*, 24 AD3d 392, 393 [1st Dept 2005]). In addition, plaintiff alleges in its complaint that it is an Indian partnership, not a corporation. Defendant failed to prove otherwise. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.