Bavers v Shepherd (2020 NY Slip Op 07696)





Bavers v Shepherd


2020 NY Slip Op 07696


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 653002/17 Appeal No. 12694-12694A Case No. 2019-366 

[*1]Ruth Bavers et al., Plaintiffs-Respondents,
v
Allyson Shepherd et al., Defendants-Appellants, Does 1-10, et al., Defendants.


Kleinberg, Kaplan, Wolff & Cohen, P.C., New York (Steven R. Popofsky of counsel), for appellants.
Blank Rome LLP, New York (Craig M. Flanders of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about December 18, 2018, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 and sua sponte sanctioned defendants, unanimously modified, on the law, to the extent of declaring in defendants' favor on paragraphs 160(B), (F), (H), and (I) of the first cause of action and paragraph 171(A) of the second cause of action and dismissing the eighth cause of action for unjust enrichment, as against defendants Allyson Shepherd, Ari Zubli (Ari), and Isaac Zubli (Isaac), and the ninth cause of action for fraud, and, on the law and the facts and in the exercise of discretion, vacating the imposition of sanctions, and otherwise affirmed, without costs. Appeal from order, same court (Andrew Borrok, J.), entered on or about July 29, 2019, which, inter alia, granted plaintiffs' motion for an assessment of attorney's fees and costs, unanimously dismissed, without costs, as academic.
Paragraph 160 of the complaint sets forth the declaratory relief sought in the first cause of action. Paragraph 160(B) seeks a declaration that "[t]he 2013 Shareholder Agreement for each of the Companies [derivative plaintiffs U&I Realty, Inc. and I&A Realty, Inc.] was void ab initio and was never valid." However, these agreements were entered into by plaintiff Aki Katan Irrevocable Trust (Katan Trust) and defendant Isaac Zubli Family Trust (Zubli Trust), the sole shareholders of each Company at that time. Plaintiffs cite no authority requiring a meeting or other corporate formality for the sole shareholders of a corporation to make a contract between themselves. Accordingly, we declare that the 2013 shareholders' agreements were and are valid.
Paragraph 160(F) seeks a declaration that "[t]he Zubli Mortgages violated BCL § 714(a)." However, no such violation is pleaded because, as per the complaint, the Zubli Mortgages were loans to the Companies, not the directors. Thus, we declare that the Zubli Mortgages did not violate BCL § 714(a).
Paragraph 160(H) seeks a declaration that pursuant to Article 1.1B of the 2005 Shareholders' Agreement, plaintiff Aki Katan (Aki) maintained the right to designate a director of each of the Companies, and that this provision remains in "full force and effect." However, the valid 2013 agreements do not include any such provision and specifically state that they "supersede [] any previous agreement" with respect to the matters set forth therein. Moreover, allowing Aki to designate a director would run afoul of the Katan Trust Agreement, which states that "[i] is the Grantor's [Aki] intent that no portion of any trust hereunder be includible in the Grantor's gross estate for Federal estate tax purposes." If Aki retained "the right to vote (directly or indirectly) shares of stock of a controlled corporation" (26 USC § 2036[b][1]), his gross estate would include the shares (see 26 USC § 2036[a][1]). In sum, we declare that the 2005 shareholders' [*2]agreement is no longer in full force and effect and that Aki no longer has the right under Article 1.1.B thereof to designate a director.
Paragraph 160(I) seeks a declaration that "[c]onsent of the Katan Trust is a necessary condition-precedent of the transfer, lease, sale or substantial disposition of the Properties under BCL § 601(a)." However, that section of the statute does not support such a declaration. Thus, we declare in defendants' favor, without prejudice to plaintiffs asserting a claim under the appropriate section.
The remaining declarations sought in paragraph 160 of the first cause of action are not warranted at this time. Those declarations are premised on the conclusion that Ari and Shepherd were not properly elected as directors or appointed as officers of the companies. Pursuant to BCL § 615(a), "[w], "whenever . . . shareholders are required or permitted to take any action by vote, such action may be taken without a meeting on written consent [,]" which defendants have failed to submit. It is true that "[i]f corporate formalities are customarily dispensed with and the affairs of a close corporation are carried on through informal conferences, decisions reached by all the directors and shareholders at informal conferences bind the corporation" (St. Marks Assets, Inc. v Sohayegh, 167 AD3d 458, 459 [1st Dept 2018] [internal quotation marks omitted]). However, it is premature to determine whether the Zubli and Katan Trusts (all the shareholders of the Companies) properly elected Ari and Shepherd as directors pursuant to this informal standard. Accordingly, the declarations sought in paragraph 160(A), (D), (E), (J), and (G) are sustained.
Paragraphs 171[A] and [B] of the second cause of action seek declarations that "[a]ny and all provisions under the Katan Trust Agreement . . . which purport to exonerate the Katan Trust trustee from liability for the duties of undivided loyalty to the Katan Trust and its beneficiaries and[/]or waive the prohibition against self-dealing, were void ab initio and/or are void as against public policy," and that "[a]s a matter of equity, Ari cannot benefit from his own wrongdoing and is estopped from invoking the Katan Trust Agreement as a defense to the claims due to his own self-dealing." Plaintiffs claim entitlement to the first declaration pursuant to Estates, Powers and Trust Law § 11-1.7(a)(1). However, that provision merely prohibits "[t]he exoneration of [a] fiduciary from liability for failure to exercise reasonable care, diligence and prudence." Plaintiffs' reliance on Article XVI(C) of the Katan Trust Agreement, which contemplates the possibility that the trustee may serve as a director or officer of the Companies, and that such an individual interest may conflict with the role as trustee, is unpersuasive. "[T]he rule of undivided loyalty due from a trustee may be relaxed by a settlor by appropriate language in the trust instrument in which he . . . recognizes that the trustee may [*3]have interests potentially in conflict with the trust" (O'Hayer v de St. Aubin, 30 AD2d 419, 423 [2d Dept 1968]). While the Katan Trust Agreement may exempt the trustee from the duty of undivided loyalty, trustee remains liable for self-dealing despite an exculpatory clause (see id.). Accordingly, the declaration sought in paragraph 171[A] should be granted in defendants' favor, but the remaining declaration sought in the second cause of action survives.
The ninth cause of action for fraud should have been dismissed. This claim is centered on the fact that Aki was fraudulently induced into entering into the Katan Trust. The losses of which Aki complains however, were caused by defendants' alleged misconduct with respect to the Companies, not by the fact that he placed his shares into an irrevocable trust and named Ari as the initial trustee. Accordingly, the claim fails to "assert compensable damages resulting from defendants' alleged fraud" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 143 [2017]; Vandashield Ltd v Isaacson, 146 AD3d 552, 553 [1st Dept 2017]). In any event, any damages that could have resulted from defendants' alleged conduct would belong to the Katan Trust, not Aki individually.
The eighth cause of action for unjust enrichment should have been dismissed as against Isaac, Ari, and Shepherd because it is duplicative of other tort claims asserted against them in the complaint, including breach of fiduciary duty, gross negligence and conversion (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790-791 [2012]).
The remaining claims were properly sustained. Common to all of the remaining claims are the allegations of defendants' improper conduct as shareholders and officers of the Companies, and specifically with respect to Ari, as trustee of the Katan Trust. Assuming the allegations to be true as is required on a motion to dismiss (Leon v Martinez, 84 NY2d 83 [1994]), the remaining claims challenged on this appeal are properly asserted. Ari's reliance on Article XVI(C) of the Katan Trust is also unpersuasive. Although the trust allowed him to serve as trustee even if his interests as a director and officer of the Companies conflicted with his interests as trustee, he was not permitted to breach his fiduciary duty to the Companies or act in a way that would harm the Companies.
Defendants' contention that the claims for gross negligence, conversion, and unjust enrichment are time-barred cannot be resolved on this motion to dismiss. Factual allegations in the complaint sufficiently raise an issue of fact as to whether equitable estoppel should be applied to toll the statute of limitations (see Nick v Greenfield, 299 AD2d 172, 173 [1st Dept 2002]).
The court improvidently exercised its discretion in sanctioning defendants. Defendants' arguments were not so clearly meritless as to be deemed frivolous (22 NYCRR 130-1.1[c]; see e.g. Metrosearch Recoveries, LLC v City of New York, 169 AD3d 512 [1st Dept 2019], lv denied [*4]33 NY3d 910 [2019]; Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 592-93 [1st Dept 2015]; W.J. Nolan & Co. v Daly, 170 AD2d 320, 321 [1st Dept 1991]). The court also failed to follow the proper procedure, such as "setting forth the conduct on which the award . . . is based" (22 NYCRR 130-1.2). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020