Perry v Rockmore (2025 NY Slip Op 01141)

Perry v Rockmore

2025 NY Slip Op 01141

Decided on February 27, 2025

Appellate Division, Third Department

Egan Jr., J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CV-23-1835

[*1]Vanessa Perry, Appellant,
v
Jeffrey L. Rockmore et al., Respondents.

Calendar Date:January 13, 2025

Before: Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Law Office of Bryan J. Swerling, PC, New York City (Ripal J. Gajjar of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, Albany (Marshall Broad of counsel), for Jeffrey L. Rockmore and others, respondents.
O'Connor, O'Connor, Bresee & First, PC, Albany (Emily A. Phillips of counsel), for Plastic Surgery Associates and others, respondents.

Egan Jr., J.P.
Appeal from an order of the Supreme Court (James Ferreira, J.), entered August 23, 2023 in Albany County, which partially granted defendants' motions to dismiss the amended complaint.
Defendant Jeffrey L. Rockmore is a plastic surgeon and, according to plaintiff's amended complaint, he performed a rhinoplasty on her on June 13, 2017. After plaintiff learned that photographs depicting her face before and after the procedure had been posted on various commercial websites and social media platforms to promote Rockmore's work, she commenced this action in July 2022. The complaint, as amended, asserted numerous claims against Rockmore and various related entities (hereinafter collectively referred to as the Rockmore defendants), as well as entities that Rockmore was either a principal of or working for in 2017, defendants Plastic Surgery Associates, LLP and Plastic Surgery Group, LLP (hereinafter collectively referred to as the Plastic Surgery Group). As is relevant here, the amended complaint alleged that defendants' conduct in publishing the photographs violated the statutory right to privacy afforded to plaintiff by Civil Rights Law § 50 and breached the fiduciary duty they owed as her medical providers.
Following joinder of issue, the Rockmore defendants and the Plastic Surgery Group separately moved to dismiss the amended complaint on the grounds that its claims were either time-barred or failed to state a claim. Supreme Court, as is relevant here, granted that part of the motion seeking to dismiss the breach of fiduciary duty claim because plaintiff's exclusive remedy for the use of her image was the statutory remedy granted by Civil Rights Law §§ 50 and 51. Plaintiff appeals, arguing that Supreme Court erred in dismissing the breach of fiduciary duty claim.
We agree. In New York, "the right to privacy is governed exclusively by sections 50 and 51 of the Civil Rights Law; we have no common law of privacy" (Howell v New York Post Co., 81 NY2d 115, 123 [1993]; see Lohan v Take-Two Interactive Software, Inc., 31 NY3d 111, 119 [2018]; Stephano v News Group Pubs., Inc., 64 NY2d 174, 183 [1984]; Porco v Lifetime Entertainment Servs., LLC, 195 AD3d 1351, 1353 [3d Dept 2021], appeal dismissed 37 NY3d 1084 [2021], lv denied 38 NY3d 912 [2022]). As Supreme Court correctly concluded, that fact would doom any claim by plaintiff which was premised upon the invasion of a nonexistent common-law right to privacy (see Lohan v Take-Two Interactive Software, Inc., 31 NY3d at 119; Hampton v Guare, 195 AD2d 366, 366-367 [1st Dept 1993], lv denied 82 NY2d 659 [1993]). A review of plaintiff's amended complaint reveals, however, that her breach of fiduciary duty claim is not based upon such an invasion.
Plaintiff instead alleges that defendants all had a physician-patient relationship with her and that they breached a distinct duty arising out of that relationship by publicly disclosing photographs of her that had been taken in the course of treatment without her agreement[*2].[FN1] "It is well established that a patient may maintain a cause of action for breach of fiduciary duty against his or her physician resulting from the physician's unauthorized disclosure of the patient's medical records," broadly defined as essentially any information acquired by the physician that relates to the patient's diagnosis or treatment, as such disclosure violates "the implied covenant of trust and confidence that is inherent in the physician patient relationship" (Burton v Matteliano, 81 AD3d 1272, 1274 [4th Dept 2011] [internal quotation marks and citations omitted], lv denied 17 NY3d 703 [2011]; see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52-54 [2016]; Bonner v Lynott, 203 AD3d 1526, 1528-1529 [3d Dept 2022]; Juric v Bergstraesser, 44 AD3d 1186, 1188 [3d Dept 2007]). A claim for breach of fiduciary duty, based as it is upon the well-established duty a physician owes to his or her patient as opposed to a purported right of privacy, may be viable where claims based upon a generalized invasion of privacy are not (see generally MacDonald v Clinger, 84 AD2d 482, 482-487 [4th Dept 1982]). It suffices to say that we "give the pleadings a liberal construction, accept the allegations as true and accord the plaintiff[ ] every possible favorable inference" in the context of a motion to dismiss and, applying that standard here, are satisfied that plaintiff has stated a claim for breach of fiduciary duty in her amended complaint (Chanko v American Broadcasting Cos. Inc., 27 NY3d at 52). Thus, Supreme Court erred in dismissing that claim.
Plaintiff's remaining contentions, to the extent that they are properly before us, are rendered academic by the foregoing.
Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, with costs to plaintiff, by denying that part of defendants' motions seeking to dismiss the breach of fiduciary duty cause of action; said cause of action is reinstated; and, as so modified, affirmed.

Footnotes

Footnote 1: Notwithstanding the argument of the Rockmore defendants, the amended complaint contained sufficiently specific allegations as to how defendants breached their fiduciary duty to plaintiff (see CPLR 3016 [b]). The details as to when and where the photographs were purportedly disclosed are a matter for discovery, and plaintiff's failure to provide them at this early stage of the action does not warrant dismissal (see Hartshorne v Roman Catholic Diocese of Albany, N.Y., 200 AD3d 1427, 1431 n [3d Dept 2021]; Serio v Rhulen, 24 AD3d 1092, 1094 [3d Dept 2005]).