Homelink Intl. Inc. v Law Offs. of Sanjay Chaubey (2025 NY Slip Op 05460)

Homelink Intl. Inc. v Law Offs. of Sanjay Chaubey

2025 NY Slip Op 05460

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 653822/24|Appeal No. 4852|Case No. 2024-07161|

[*1]Homelink International Inc., Plaintiff-Respondent,
v
Law Offices of Sanjay Chaubey, Defendant-Appellant.

Law Offices of Sanjay Chaubey, New York (Sanjay Chaubey of counsel), for appellant.
Schlam Stone & Dolan LLP, New York (Channing J. Turner of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about November 11, 2024, which denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs. 
In January 2020, defendant subleased office space from nonparty Homelink International LLC. In March 2020, defendant stopped paying rent and in November 2023, vacated the subject premises. In February 2023, prior to defendant vacating the premises, the LLC assigned its right, title, and interest in the sublease to plaintiff Homelink International Inc. Thereafter, plaintiff commenced this action against defendant for unpaid rent from March 2020 to November 2023, and for monetary damages for late fees, interest, electricity charges, office insurance, and service charges.
Supreme Court properly denied defendant's motion to dismiss. "On a pre-answer motion to dismiss for lack of standing, the burden lies with the defendant to establish prima facie that plaintiff has no standing to sue" (Credit Suisse Fin. Corp. v Reskakis, 139 AD3d 509, 510 [1st Dept 2016]). Here, defendant failed to meet its burden because it did not provide any evidence in support of its argument that the assignment to plaintiff of the former LLC's right, title, and interest in the sublease was invalid, or that there was no privity of contract between plaintiff and defendant.
Defendant further did not establish entitlement to dismissal of the action under Business Corporation Law § 1312(a), which bars suits by foreign corporations that do business in New York without authorization. Defendant failed to demonstrate that plaintiff was a foreign corporation and its "activities [were] so systematic and regular as to manifest continuity of activity in New York" requiring compliance with Business Corporation Law § 1312 (see Nick v Greenfield, 299 AD2d 172, 173 [1st Dept 2002]). Moreover, Business Corporation Law § 1312 "exists to regulate foreign corporations doing business in New York State and not to enable avoidance of contractual obligation" (Acno-Tec Ltd. v Wall St. Suites, L.L.C., 24 AD3d 392, 393 [1st Dept 2005]).
Nor is this action barred by res judicata under CPLR 3217(c). The two prior nonpayment proceedings between nonparty Homelink International LLC and defendant for the nonpayment of rent were not adjudicated on the merits or dismissed with prejudice. Rather, one of the prior proceedings was dismissed without prejudice (see 420 E. Assoc. v Estate of Lennon, 225 AD2d 326, 326 [1st Dept 1996]), and the other was voluntarily discontinued by notice, making CPLR 3217(c) inapplicable. As such, the doctrine of res judicata does not apply (see generally UBS Sec. LLC v Highland Capital Mgt., L.P., 86 AD3d 469, 473-474 [1st Dept 2011]).
We have considered defendant's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025